GILBRAITH & CO., v. L. LINEBERGER & CO.

If a manufacturing company knowingly permit a person to sell goods in a store-house with their name over the door, though in a town distant from their place of business, it is a circumstance which taken with others, such as that he sold their manufactured articles, and bought bacon and other country produce for them, must be considered as tending to prove the fact that he was acting as their agent.

When one permits another to hold himself out to the public as his agent to sell and buy certain kinds of goods for him, he is bound by the acts and contracts of such agent within the scope of his authority, but that authority does not extend to the borrowing of money or buying clothes for himself.

If one buy goods of a manufacturing company from time to time, and sell them on his account, the company not participating in his profits, nor being liable for his loss, it does not afford the slighest evidence of a partnership between him and the company.

This was a CIVIL ACTION to recover the balance of an account, tried before *Logan, J.,* at the last Term of the Superior Court of GASTON county, where the defendants obtained a verdict and judgment, and the plaintiffs appealed. The facts necessary to a proper understanding of the questions decided, sufficiently appear in the opinion of the Court.

*Vance & Burwell,* for the plaintiffs.
*W. P. Bynum* and *Schenck,* for the defendants.

PEARSON, C. J. The plaintiffs were entitled to the first instruction asked for. Having " Lineberger & Co." over his store door was some evidence that Fleming was the agent of the defendants to sell their cotton yarn and sheeting, and that fact together with the fact that Mason, an avowed agent of the defendant, from time to time delivered cotton yarn and sheeting to Fleming by the wagon load, and received from him return loads of bacon, lard and other country produce, that this country produce was procured by Fleming as the agent, and in the name of the defendants, and that one of the defendants had visited Greenville and of course

10

knew how things were being done was some evidence that Fleming was the agent of the defendants to buy country produce for them. So his Honor erred in refusing to instruct the jury that if the defendants permitted Fleming to hold himself out to the public as their agent, that constituted an agency, and "Fleming's acts done within the scope of the business in which he was engaged" were binding on the defendants. But upon examining the plaintiffs' account, which is a part of the complaint, we find but three items of country produce furnished, to-wit: bacon and flour, in all $118; and one credit for feathers received $175 on the 12th of November, 1860, leaving a balance at that date of $57 in the defendants' favor.

After this, plaintiffs let Fleming have, November 19th, cash, $75; November 29th, cash, $60.89; December 12th, one overcoat, $10.50. In this way, the balance is put against defendants. There is no proof whatever that the defendants permitted Fleming to hold himself out as their agent, to borrow money or to buy ready-made clothing, and if his Honor had charged as requested, that the acts of Fleming done within *the scope of the business* bound the defendants, this would have excluded the cash items and the over-coat, and left the balance in favor of defendants, as the credit for feathers had been entered before this latter dealing.

It is clear therefore that the plaintiffs could not have been prejudiced by the error of the Judge, and on the whole, the verdict meets the justice of the case, and we are not at liberty to disturb it.

His Honor did not err in refusing to charge that the evidence established a copartnership between the defendants and Fleming. There is not a single feature of a co-partnership presented by any view in which the matter can be looked at.

There is no community of interest in "the profit and loss."

The defendants sold the yarn and sheeting to Fleming at factory prices, received country produce in payment, and had no concern whatever with the subsequent disposition that Fleming might make of the yarn and sheeting; if he sold at a higher price, it was his gain; if obliged to sell for a less price, it was his loss; in short, there is nothing in the evidence to give color to the suggestion of a copartnership. The matter will not admit of discussion.

No error.

PER CURIAM.                                     Judgment affirmed.