S. STEELSMITH v. THE UNION PACIFIC RAILWAY COMPANY.

1. EVIDENCE—*Demurrer.* A demurrer to the evidence should not be sustained when there is some proper evidence to establish every material allegation of the petition.

2. AGENCY—*Authority, Evidence to Establish.* The fact that a station agent of a railway company had, on several prior occasions, employed physicians, including the plaintiff, to treat employes of the railway company who received injuries while in the performance of their duty as such employes, and that all bills rendered for such services were afterward paid by the railway company without objection, is some evidence going to establish the authority of the agent to bind the company by the employment of a physician under similar circumstances.

MEMORANDUM.—Error from Dickinson district court; M. B. NICHOLSON, judge. Action by S. Steelsmith against the Union Pacific Railway Company to recover for medical services. Judgment for costs having been rendered against the plaintiff, he brings the case to this court. Reversed. The facts are stated in the opinion, filed July 6, 1895.

*J. P. Campbell,* and *J. H. Mahan,* for plaintiff in error.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This was an action brought by the plaintiff in error to recover from the defendant in error for a surgical operation performed upon, and medical services rendered to one, A. C. Staker, an employe of the Union Pacific Railway Company, who received fatal injuries at Abilene, while in the performance of his duty as a brakeman on a freight train of the defendant. The court sustained a demurrer interposed by the defendant to the plaintiff's evidence, and gave judgment against the plaintiff for costs, and the only question necessary for our consideration is as to whether or not the court erred in sustaining the demurrer to the evidence.

The petition alleged that the plaintiff was called by the duly-authorized station agent and general agent of the defendant at Abilene to render medical and surgical aid to the injured employe; that he attended to the injuries and performed a surgical operation upon the employe by direction and at the request of the defendant. It appears from the evidence that the defendant had a local physician at Abilene, who was absent at the time medical and surgical treatment was required in this case. The plaintiff testified that the station agent at Abilene, one W. N. Hendricks, asked him to go down and see what was the matter with the injured man, which he did, and informed Mr. Hendricks as to his apparent condition, and what he thought was necessary to do in the case; that the station agent told the plaintiff to go ahead and do whatever he thought was best for Mr. Staker, and the Union Pacific Railway Company would see that he was paid for his services. It was admitted at the trial that the services were performed by the plaintiff,

and were worth the amount charged, but the defendant denied all liability for the payment of the same. The liability of the defendant hinges upon the question as to the authority of the said station agent to bind the company by such employment. It was shown at the trial that the plaintiff had been similarly employed by the same station agent in another instance, and had been paid for such services by the defendant. It was also shown that the same agent had employed other physicians to render like services under similar circumstances, and bills therefor were afterward paid by the defendant. The station agent testified : '' In a case such as that of Staker's, I generally called a physician ; the company's, if I could get him, and if not the company's, why I employed the first physician I could get. I generally sent their bills to the superintendent, by whom they were approved. Before this time, all the bills rendered were paid.'' And again he testified : '' The reason I call a surgeon in extreme cases, where the local surgeon is not around, that you may send a telegram to the superintendent asking for instructions, and it might be five or six hours before you would get an answer, and in the meantime the man would die.'' In answer to the question : '' Was there a time during the injury of Staker that you telegraphed for instructions as to what physician you should employ?'' Mr. Hendricks testified : '' I did not telegraph, as I did not think it necessary to do so.''

As was said in *Cain v. Wallace,* 46 Kas. 138 : '' The fact and scope of an agency may be determined not alone by what the principal may tell the agent to do, but also from what he knows, or in the exercise of ordinary care might know, as to what the agent is doing.'' And in *Railroad Co. v. Johns,* 36 Kas. 769,

the court held that as the servants of the company were on the company's premises performing a certain duty for the company, *and as they had performed similar services on prior occasions,* it will be presumed that they were acting within the scope of the authority given to them by the railroad company. The supreme court of the United States in *Bronson's Executor v. Chappell,* 12 Wall. 683, said:

" The inference to be drawn is that everything fairly within the scope of the powers exercised in the past may be done in the future until notice of revocation or disclaimer is brought home to those whose interests are concerned."

In *Railroad Co. v. Mahoney,* 82 Ill. 73, the court held that —

" Where a surgeon has been employed by a station agent of a railway company to attend an employe injured while in the service of the company, although he may not have express authority to do so, yet slight acts of ratification by the company will authorize a jury in finding the employment was the act of the company."

The question presented in this case is as to whether the plaintiff introduced some evidence to prove the authority of the station agent to employ the plaintiff on behalf of the railroad company to render the services that were performed. We think the fact that the agent had, several times prior to the date that Staker received the injuries mentioned, employed physicians, including the plaintiff, to treat persons receiving injuries, and that the defendant company had paid for such services without objection, was some evidence of the authority of the agent to bind the company in this case, and was competent evidence to go to the jury, and the court erred in sustaining the demurrer to the evidence. In support of these

views we cite the authorities above referred to, as well as Wharton on Agency, §§ 122 and 127; *Gilbraith v. Lineberger*, 69 N. C. 145; *Rowland v. Shaw*, 29 Kas. 438; *Railway Co. v. Winterbotham*, 52 id. 433.

The judgment of the court below is reversed, and a new trial awarded.

All the Judges concurring.