EUGENE HAGAN v. THE AMERICAN BUILDING AND
LOAN ASSOCIATION OF MINNEAPOLIS, MINN.

No. 85.

EVIDENCE, *Demurrer to.* A demurrer to the evidence should not be
sustained when there is some proper evidence to establish every
material allegation of the petition.

MEMORANDUM.—Error from Shawnee district court ;
JOHN GUTHRIE, judge. Action by Eugene Hagan
against The American Building and Loan Association
of Minneapolis, Minn. Judgment for defendant.
Plaintiff brings the case to this court. Reversed.
The opinion herein, filed February 14, 1896, states
the nature of the action and the material facts.

*Quinton & Quinton,* for plaintiff in error.

*A. Bergen,* for defendant in error.

The opinion of the court was delivered by

CLARK, J. : This action was brought by the plain-
tiff in error as plaintiff below to recover damages
from the defendant in error for the breach of a certain
contract alleged to have been entered into between
them. The court sustained a demurrer to the plain-
tiff's evidence, and the only question necessary to con-
sider in this case is as to whether the court erred in
such ruling.

The defendant in error was a corporation duly organ-
ized under the laws of Minnesota, with its principal
office or place of business in the city of Minneapolis,
in said state, and was duly authorized to and did col-
lect funds from its members, in stated installments,
in proportion to the amount of stock held by them
respectively, which funds were in turn loaned by it
on first-mortgage real-estate security to members of

the association applying therefor. Under its rules, such loans were not usually made except to applicants who had been members of the association for a period of at least two years. Its business was necessarily carried on through agents, and L. A. Starbird and F. A. Bryan were general agents for the state of Kansas, and had authority to appoint sub-agents to solicit applications for membership and subscriptions to its stock. The plaintiff in error introduced evidence tending to show that he was importuned by Starbird and one of his sub-agents to become a member of the association, and to subscribe for shares of stock therein, which he emphatically declined to do, stating that he had no desire to make an investment of that character; that at that time he was desirous of borrowing some money with which to improve certain real estate which he owned in the city of Topeka, and that Starbird represented to him that the defendant would make him such a loan, upon application therefor, should the security offered be deemed adequate, and would waive the requirements of its rules with reference to the loaning of its funds only to such applicants as had been members for a period of at least two years, but that it would be necessary for him to make application for membership, subscribe for 200 shares of stock and pay a membership fee of $200 before the association could consider his application for a loan, this being necessary to be done "in order that they might have a basis of action, and also as evidence of good faith on his part"; that if he would comply with these requirements, the association would promptly advise him that the agreement entered into between the plaintiff and the agent with reference to the making of the loan would be carried out on the part of the association, or it would as promptly return the amount of

the membership fee so paid him, and no certificate of stock would be issued on his subscription; that, acting upon such representations and being induced solely thereby, the plaintiff signed a written application for membership and subscribed for 200 shares of stock therein, and delivered the same, together with the membership fee of $200, to such agent, who was duly authorized to receive them for the defendant, to be forwarded to the association; that upon the receipt by the defendant of said application and subscription, the defendant proceeded to issue a certificate for 200 shares of stock in the association, which it forwarded to Mr. Hagan, without advising him as to whether or not it was prepared to make him a loan upon application therefor, upon adequate security; that this certificate was immediately returned by the plaintiff to the association, and a demand made for a return of the $200 paid by him, and that the defendant had failed to comply with such demand. The evidence tended to show that it was mutually understood by Starbird and the plaintiff that no formal application for a loan would be necessary until after the defendant should notify Hagan that it would waive the requirements of its rules above mentioned in his case, such notice to be given immediately upon the receipt of the application for membership, or the membership fee should be promptly returned to him. No such notice was in fact given to plaintiff, nor was the money returned in compliance with this agreement. Hagan parted with his money under certain conditions, which, if not complied with by the defendant, entitled him to recover it back.

While plaintiff's cause of action, as disclosed by the evidence, is not very artistically stated in his pleading, still it must be remembered that the action was

commenced before a justice of the peace, and, under the very liberal construction given by our supreme court to pleadings in justices' courts, we think the evidence in this case would warrant a verdict in favor of the plaintiff under the allegations of his bill of particulars, and for this reason the court erred in sustaining the demurrer to the evidence. (*Steelsmith v. U. P. Rly. Co.*, 1 Kan. App. 10.)

The judgment will therefore be reversed, and the cause remanded with directions to sustain the motion for a new trial.

All the Judges concurring.