ANNIE M. DELANEY vs. ORRIN HALL.

Hampden.   Sept. 29, 1880. — April 8, 1881.   COLT, MORTON & FIELD, JJ.
                          absent.

At the trial of a case in which the evidence is conflicting, no exception lies to the
    refusal of the judge to instruct the jury as to the effect of certain portions of
    the evidence, which are not decisive of the case, and are to be considered in
    connection with other facts in evidence.

CONTRACT for money had and received.   Answer, a general
denial.   Trial in the Superior Court, before *Wilkinson*, J., who
allowed a bill of exceptions, in substance as follows:

The plaintiff's evidence tended to show that she was servant
and housekeeper for the defendant for two or three years; that,
on February 19, 1877, he made her an unconditional gift of $500
in money, delivering it to her, and she accepted it; that, after-
ward, on the same day, he took it to a savings bank to deposit
for her, and brought back an ordinary savings-bank book from
the Springfield Institution for Savings, by which it appeared
that he had deposited there the sum of $500 in the name of
" Orrin Hall, in trust for Annie M. Delaney," and handed her
the book, which she took and kept in her possession to the time
of the trial.   There was no evidence that she ever made any
objection to the form in which the deposit was made, or that
any question arose about the matter until the following May,
after the plaintiff had left the defendant's service, except the
plaintiff's testimony that, the same day of the deposit, when the
book was handed to her by the defendant, she asked him why
the money was deposited in trust, as the book said, instead of in
her name, and he said he did it because the treasurer of the
bank said it was the best way, and that it would make no differ-
ence.   She also testified that she was unfamiliar with that kind
of business.

The defendant testified that he never gave the plaintiff the
money in question, but that he made the deposit in the form
shown by the book, with a view to keep the control of the de-
posit, and to hold it as his own as long as he lived, but that he
told the clerk at the bank, at the time, that he desired, if the
plaintiff continued to live with him and take care of him as long

as he lived, that after his death the deposit should be hers; and that he made the deposit with the desire and purpose so expressed to the clerk; that he afterward told the plaintiff of his having made the deposit, and said that, if she continued to take care of him and live with him like a daughter as long as he lived, she should have the money after his death. The bank clerk corroborated the defendant's statement of what was said at the time the deposit was made. The defendant further testified that he never delivered the book to the plaintiff, but that she had access to the place where he kept his books and papers; and that, when she left his service, in May 1877, she carried away the book with her, and that he was never able to obtain it afterwards.

It was proved, and not disputed, that the plaintiff, soon after she left the service of the defendant, notified the savings bank that she claimed the money deposited as her own, and that she forbade the bank paying the money to the defendant, or to any one but herself; and she testified that she then intended to terminate all rights of the defendant to draw said money, or to deal with it in any way.

It was also in evidence, and undisputed, that, in the following August, the defendant obtained the money from the savings bank under a claim of right to draw it as his own property, and gave the bank a bond of indemnity against the claims of other parties.

The defendant contended that the action could not be maintained, and that the plaintiff's remedy, if any, was against the bank; and requested the judge to instruct the jury as follows: " If the plaintiff took and received the bank book in the form in which it appears, and kept it without objection, that would be evidence which would warrant the jury in finding a ratification of the defendant's act in making the deposit. If the jury believe that the plaintiff took and kept possession of the book, and ratified the defendant's act of deposit, and notified the savings bank not to pay the money to the defendant, with a view to prevent its coming to his hands, and to terminate his right to receive it for her, and the defendant afterward obtained it under a claim of right, solely in his own behalf, she cannot maintain this action."

The judge declined to give these instructions; but instructed the jury, that, if the plaintiff proved that the defendant made her an absolute unconditional gift of the money completed by delivery before the deposit, she could recover in this action, unless they believed that she knew that the defendant had deposited the money in the bank to be kept in his control and ownership during his life, and that she consented to and ratified such a deposit.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. P. Knowlton*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

LORD, J. Upon examining the instructions given by the presiding justice, they will be found to be sufficiently favorable to the defendant; and, although he declined to give the instructions asked for by the defendant, in the language in which they were asked, it will be seen that the instructions actually given necessarily involved everything to which the defendant was entitled, and which was contained in the prayer for instruction which was refused.

The action was for money had and received by the defendant to the plaintiff's use. There were certain facts about which there was no controversy. These facts were that the $500 sued for was once the property of the defendant, and that he deposited the same in the Springfield Institution for Savings in the name " Orrin Hall, in trust for Annie M. Delaney; " and perhaps those were the only two important facts which were not in dispute. The plaintiff contended, and offered evidence to show, that the defendant, being the owner of the $500, made an absolute and unqualified gift of it to her, which was completed by delivery of the money to her and her acceptance of it. The defendant contended that he never gave to her the money, but that he deposited it in the bank in the form in which he did for the purpose of retaining control over it, intending that, if she continued to live with him until his death, she should have the benefit of the principal. There was controversy also upon the question as to the possession of the bank book, whether it was ever in the actual possession of the plaintiff, and whether it was ever delivered to the plaintiff by the defendant, and especially

as to whether the plaintiff knew the form in which the deposit was entered in the bank book, and how far she had consented to such entry, and as to whether she had ratified the entry in that mode after knowing it was thus made. The instruction asked by the defendant related only to some portions of the case, and to the use which the jury would be authorized to make of certain portions of the evidence. The presiding judge, instead of giving the specific instructions as requested, gave instructions which actually defined the plaintiff's rights, and we think those instructions accurately defined those rights.

In the trial of a cause, in which the facts are all in controversy, and there is a conflict of evidence throughout, the presiding judge is not bound as matter of law to rule upon the force and effect of a single piece of evidence, the truth of which is in controversy, and the existence of which fact, if true as sworn to, is not decisive of the case, and is to be considered only in connection with and its force to be dependent upon other facts and circumstances; but it is sufficient for him to state accurately the law of the case, and leave to the jury whether the plaintiff has established his right to recover under the rules of law thus laid down.

In this case, the presiding judge instructed the jury, that, "if the plaintiff proved that the defendant made her an absolute unconditional gift of the money, completed by delivery before the deposit, she could recover in this action, unless they believed that she knew that the defendant had deposited the money in the bank to be kept in his control and ownership during his life, and that she consented to and ratified such a deposit."

This instruction was correct and appropriate. The first question in controversy between the parties was, Had the defendant made to the plaintiff an absolute completed gift of the money? The next question was, Had the defendant so misappropriated the money that he had become liable to the plaintiff for it, or had he made the deposit in the bank in the mode claimed by him, with either the previous consent or the subsequent ratification of the plaintiff? If he had, he would not be liable to the plaintiff in this action; and so the presiding justice ruled. In all the conflicts of evidence, these two facts were the only necessary or important ones; and the finding of the jury must

necessarily have been in favor of the plaintiff upon both questions. That there might have been another state of facts which would have avoided the defendant's liability is wholly immaterial, because these were the only defences made by the defendant, and the instructions required the jury to find a verdict in his favor if either contention was correct.                *Exceptions overruled.*