LUCY A. PARKER vs. CITY OF SPRINGFIELD.

Hampden.　September 25, 1888. — October 9, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Highway Defect — Due Care — Exceptions.*

No exception lies to the refusal to give an instruction in the language requested, if it is fully covered by the instructions given.

If a casual and not strictly accurate statement of law, made by the presiding judge at a trial to counsel while arguing, does not, when construed in connection with proper instructions to the jury, modify or qualify them, no exception lies thereto.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in Union Street in the defendant city.

At the trial in the Superior Court, before *Brigham*, C. J., evidence was introduced tending to show that the plaintiff, who was sixty-two years of age, was proceeding along the sidewalk on Union Street, a highway which the defendant was bound to keep in repair, on her way to market, at about eleven o'clock in the forenoon of February 15, 1887; that a ridge of ice about one and a half feet wide and from four to five inches thick extended lengthwise along the centre of the sidewalk, which was seven feet wide; that this ridge was bounded on either side by glare ice not formed into ridges; that the plaintiff, in attempting to cross the ridge of ice in order to support herself by the fence on the inner edge of the sidewalk, fell, and received the injuries; that the plaintiff had passed along the sidewalk twice on the day before, and then knew its condition, having seen the ridge of ice, and having taken hold of the same fence as she passed along; and that a companion of the plaintiff, as she was going along the sidewalk on that day, called her attention to the ridge of ice, and told her to be careful.

On the issue of due care, the plaintiff asked the judge to rule as follows: " 1. That the fact that the plaintiff knew that a ridge of ice, dangerous in its character, existed at the place of injury, does not conclusively prove negligence on her part in attempting to pass over it; and if she had reasonable cause to believe that she could pass in safety over it, and used reasonable

care in the attempt, she might recover.   2. That it cannot be said, as matter of law, that the plaintiff was bound to have her attention directed, at the moment of danger, to the alleged defect."

The court refused so to rule, and instructed the jury as follows : " This question of care in a traveller is evidently a fit one for a jury to determine.   Of course, it depends upon the peculiar circumstances of any person travelling.   What would be care in the summer would be negligence in the winter.   What would be care going up hill would be gross negligence going down hill. And here the question arises.   You are to take into account all the circumstances and conditions, and then determine whether that person, at the point of time to which the inquiry relates, and at the place to which the inquiry relates, was acting as a person of ordinary caution and prudence would have acted under the same circumstances.   Obviously, every man exercises care and caution in travelling, with reference to what he knows of the place where he travels.   If he goes over it often, he exercises it with reference to the familiar features of the place he passes. If he goes over it for the first time, he applies his care to what he sees, to what is visible.   The law does not require a man to travel in constant trepidation and solicitude lest he should come into a pitfall.   The roads ought to be in such condition, as well as the sidewalks, that people can not only travel in safety, but travel without a constant solicitude lest they come to harm. But, on the other hand, no traveller can shut his eyes to defects injuring the travel, — defects which he daily sees, or which are obvious to him as he is going along.   Now, how much did this plaintiff know of this place ?   If she had been over it on the day before, and had seen that it was dangerous, and had found the same condition of things upon the morning of her injury, that fact is to be taken into account in considering whether on that morning she was exercising proper care, reasonable care. If she used precautions in passing upon the day before, and, upon the morning of her accident, when there was the same occasion, she omitted them, that would be a question of fact bearing upon the question whether she was using proper prudence and care, in view of what she knew as to the risks of walking where she was.   If she might have readily deviated

from a known place of danger, passing without inconvenience in the purpose of her travel along a safe place, and omitted to do that, that would be a fact bearing upon this same question. Because, gentlemen, it is a practical question. It is for the jury to get as nearly as it can to the exact facts of the situation of things, and then say, Was this party then and there in the exercise of due care? The fact that she saw it was slippery, the fact that she knew it was slippery, is not in and of itself decisive that she was careless in walking over it; but it is a fact which bears upon the question whether she was reasonably called upon to avoid an obviously risky place, and whether she could readily and easily have avoided it. These are the considerations which bear upon the question of care."

While the plaintiff's counsel was making his closing argument to the jury, and was stating the law of the case, he was interrupted by the judge, who said, "If a person knows a way to be dangerous when he enters upon it, he cannot, in the exercise of ordinary prudence, proceed and take his chance, and, if he shall actually sustain damage, look to the town for indemnity."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Stone*, for the plaintiff.

*J. B. Carroll*, for the defendant.

DEVENS, J. The request made by the plaintiff on the issue of due care, — that the court should instruct the jury that the fact that she knew that a ridge of ice, dangerous in its character, existed at the place where she was injured, did not conclusively prove negligence on her part in attempting to pass over it, and further, that, if she had reasonable cause to believe that she could pass in safety over it, and used reasonable care in the attempt, she might recover, — was not in terms given to the jury. But if the subject to which the attention of the court was called was fully covered by a correct and appropriate instruction, the plaintiff has no ground of complaint, even if that asked might also properly have been given. *Howes* v. *Grush*, 131 Mass. 207. *Deerfield* v. *Connecticut River Railroad*, 144 Mass. 325.

The instructions given submit to the jury, with great fulness, the question whether the plaintiff conducted herself as a person

of ordinary caution and prudence would have done in selecting the path on which she travelled, and in her method of travelling. They make the fact that she knew that a ridge of ice existed on the path, even if dangerous in its character, an element only in deciding this as a practical question. If she had passed over the place previously, and knew that it was dangerous, and if the same condition of things existed on the morning of the accident, these were facts which the jury were told to consider in deciding whether she used proper prudence and care, in view of what she knew, as to the risks of walking where she was actually travelling. In a similar manner, if the plaintiff knew that the way was slippery, the instruction was, that this fact was not in and of itself decisive that she was careless in walking over it, but bore upon the inquiry whether she was reasonably called upon to avoid an obviously dangerous place, or could readily have avoided it, which were to be considered in determining whether she was in the exercise of due care.

The plaintiff also requested the court to instruct the jury, that she was not bound, as matter of law, to have her attention directed at the moment of danger to the alleged defect. This instruction also was not given in terms, but the court left to the jury to determine whether, in view of what the plaintiff knew of the place where she was travelling, she had exercised due care and caution, stating that one was not required to travel in constant trepidation and solicitude, but, on the other hand, could not shut his eyes to defects which were obvious or could be readily seen. Whether the plaintiff ought to have had her attention directed to the defect at the time of the accident, was a question of fact, and submitted as such to the jury. These instructions, which were in a somewhat more amplified form than that in which we have stated them, were all that the case required. The plaintiff could not properly ask that the jury should be instructed that this or that specified fact should not be conclusive against her; it was sufficient if all the facts, including those to which her request called attention, were left to the jury on the question of the exercise of due care by her. *Green* v. *Boston & Lowell Railroad,* 128 Mass. 221. *Delaney* v. *Hall,* 130 Mass. 524. *Bugbee* v. *Kendricken,* 132 Mass. 349.

The plaintiff also contends, even if the instructions were in themselves unobjectionable, that the remark made by the presiding judge to the counsel while arguing the case, to which he excepted, is to be treated as an instruction, and was erroneous, and so calculated to mislead as to entitle her to a new trial. The court then stated, "If a person knows a way to be dangerous when he enters upon it, he cannot, in the exercise of ordinary prudence, proceed and take his chance, and, if he shall actually sustain damage, look to the town for indemnity." This remark, as a full statement of the law on this subject, cannot be considered to be accurate. There are different degrees of danger, as there are defects in ways of a more or less serious character. As there are some defects which, if not rendering it absolutely impossible to pass over a way in safety, are such that only a reckless person would make the attempt, so there are others which would not prevent a prudent person from using the way, but would only impose upon him the duty of greater care and caution. It cannot, therefore, be said, that, if one knows a way to be in any degree dangerous, he can only use the highway at his own risk. Whether he acts prudently in attempting to use it, and takes the precautions he should in so doing, are questions for the jury.

But if the remark made by the judge is to be treated as a part of his instructions to the jury, it should be construed with those instructions. If it had actually been made as a part of his charge, it would readily be seen that the court did not undertake to qualify thereby those instructions which leave the whole question of the care exercised by the plaintiff to be determined in view of her knowledge of the state of things existing in the way as a matter of fact. It is stated that, if the plaintiff had seen that the way was dangerous, this was to be considered in determining whether she exercised due care, and the inference is obvious throughout the charge that the jury might still find that she exercised this care in entering on this way, even if she knew that it was defective and dangerous. In connection with the sentences which point out with clearness that the question on this part of the case was that of the plaintiff's care, the remark would readily have been seen to apply only where a way was so obviously and gravely dangerous that no prudent person

would have been justified in entering upon it for the purpose of travelling. If instructions, as a whole, are not erroneous, a party cannot sustain exceptions thereto, even if a single passage taken abstractly may be so.    *Adams* v. *Nantucket,* 11 Allen, 203.

Nor do we think the jury could have been misled by it, although not made in immediate connection with the formal instructions of the charge. It was a casual observation, in reply to some position taken by the plaintiff which does not appear, and, if deemed by the jury to have been a part of their instructions, they must have construed it with those which made the plaintiff's knowledge of the dangerous character of the way only an element in determining whether she had conducted herself with due care.    *Exceptions overruled.*