[No. 315.  Decided February 3, 1892.]

ELIZABETH J. SPURRIER, *Respondent*, v. FRONT STREET CABLE RAILWAY COMPANY, *Appellant.*

STREET RAILWAYS—INJURIES TO PERSONS DRIVING—LAW OF THE ROAD—CONTRIBUTORY NEGLIGENCE—PROOF OF INTERNAL INJURIES.

In an action for damages for injuries resulting to plaintiff from the collision of a cable car with her wagon, which she was unable to get off the track because of the refusal of her horses to move, an instruction asked by defendant that "if it appears from the evidence that the plaintiff was guilty of any negligence whatever which contributed to cause the injury complained of in this action, or concurred with the negligence of the defendant, if any, in producing it, then your verdict must be for defendant," was properly refused, on the ground that it imposes a greater degree of care upon the party injured than upon the one committing the injury.

Contributory negligence is an affirmative defense, and the burden of proving it rests upon the defendant.

Sec. 3030, Code 1881, requiring persons driving vehicles who shall meet on a public highway to turn to the right of the center of the road has no application to vehicles meeting a street car, as it is the duty of the driver of a vehicle in such case to turn to either side so as best to avoid collision.

As the driver of a vehicle has a right to travel upon any part of a street, it is proper to refuse to charge the jury "that as the plaintiff was on the wrong side of the street at the time of the accident, the presumption arises that the collision was due to her fault."

In an action for personal injuries it is proper to permit plaintiff to testify as to internal injuries received.

A verdict for $1,000 is not excessive in an action for damages as the result of a collision in which plaintiff was injured and bruised, her wagon destroyed, her horses injured, and her goods and chattels contained in the wagon seriously damaged.

*Appeal from Superior Court, King County.*

The facts of the case are stated in the opinion.

*J. C. Haines,* for appellant.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought to recover damages in the sum of three thousand dollars, alleged to have been sustained by the plaintiff in consequence of a collision between a street car of the defendant and the wagon of the plaintiff, on Second street, in the city of Seattle, whereby the wagon was broken and the horses and property in it injured, and plaintiff herself received bruises and other personal injuries.     It was claimed by the plaintiff that while proceeding up Second street, where there was a steep hill, her horses got out of breath, stopped and refused to pull the wagon and load up hill, and that in consequence of the refusal on the part of the horses to pull, the wagon was left upon the railroad track and plaintiff could not get it off.     And while the wagon and horses were so standing upon the track the cable car of the defendant came over the hill and failed to stop, and in consequence the damages complained of arose.     The defendant denied any negligence on its part, and alleged contributory negligence on the part of the plaintiff.     Verdict was returned in favor of the plaintiff for one thousand dollars.     Judgment was entered, and the case appealed.

The principal contention of the appellant in the argument of the case here is, that the court erred in refusing to give certain instructions asked by the defendant, and we will examine that contention first.     Of course they will have to be examined with reference to the instructions which the court gave the jury on its own motion.     The instructions asked for by defendant were very voluminous, and made up largely of statements of what is claimed by the parties to the action, comments upon the law, and the justice and reason of the law; statements that are so general that they would tend to confuse rather than to assist the jury in reaching the correct conclusion under the law.     The charge

asked is so lengthy that want of time will prevent us from reviewing it in detail, but an investigation of it shows that the same idea is repeated many times in different sections of the charge; that, in fact, the greater part of the instructions asked by defendant was substantially given by the court; that the idea was expressed by the court in plain and compact language, and the jury doubtless fully understood it, and that is all the defendant had a right to ask. If this court finds that a jury has been properly instructed on the law, it will not reverse the judgment because the instructions were not couched in any particular form of words. There were some instructions asked, however, which the court refused to give either in form or substance, and those we will notice in particular. The following instruction was asked:

"The plaintiff in this cause claims that the injuries and damages suffered by her were caused by the negligence of the defendant, and that she herself was guilty of no want of care or negligence which contributed in any degree to produce the injury or damage. I instruct you that it is the law that the plaintiff cannot recover in this case unless she has established both of these propositions by a fair preponderance of the evidence; that is to say, negligence on the part of the defendant, and the absence of contributory negligence on her part. It is a well settled rule that where an injury is caused by the mutual fault or the concurring negligence of both parties, there can be no recovery by her for any damages resulting from such injury, and therefore I further instruct you that, if it appears from the evidence that the plaintiff was guilty of any negligence whatever which contributed to cause the injury complained of in this action, or concurred with the negligence of the defendant, if any, in producing it, then your verdict must be for the defendant."

The latter part of the instruction is too broad. The person charged with the contributory negligence cannot be held to any greater degree of care than the company is.

But the defendant asks the court to charge the jury that the defendant cannot recover if she is guilty of "any negligence whatever;" while in demand 8 he asks the court to charge the jury that the railroad company is only held to "exercise ordinary care and caution." The doctrine of contributory negligence has been carried to a considerable extent by some of the courts, but we think never quite to this extent. Due and reasonable care and caution were imposed upon both the plaintiff and the defendant by the instructions of the court, and while many courts have undertaken to elaborate these expressions, and have occupied many pages in defining them, it is doubtful if any instruction, however elaborate, could convey to the jury a better understanding of the law, and of the rights of the parties under the law, than is conveyed by the instructions of the court in this case. "Due and reasonable care and caution," said the court, "means that degree of care and caution which might reasonably be expected of a reasonably prudent person under the circumstances surrounding him or her at the time in question." This definition we think is terse, comprehensive and correct.

The first part of the instructions asked raised the question whether or not contributory negligence is an affirmative defense. The court instructed that it was, and that the burden of proof was upon the defendant. On this proposition it must be conceded that there is a great conflict of authority, but without attempting to review the decisions, we think the weight of authority, as well as the better reasoning, sustains the view taken by the court below. This has been the universal holding of the supreme court of the United States. *Indianapolis, etc., R. R. Co. v. Horst,* 93 U. S. 291; *Railroad Co. v. Gladmon,* 15 Wall. 401; *Hough v. Railway Co.,* 100 U. S. 213; *Northern Pacific Railroad Co. v. Mares,* 123 U. S. 710 (8 Sup. Ct. Rep. 321). See also Wharton on Law of Negligence (2d ed.),

§ 425, and Shearman & Redfield on Negligence (4th ed.), § 109. This doctrine has also been announced by the supreme court of Washington Territory in *Northern P. R. R. Co. v. O'Brien,* 1 Wash. 599 (21 Pac. Rep. 32), and by this court in *Northern P. R. R. Co. v. Hess,* 2 Wash. 383 (26 Pac. Rep. 866).

The nineteenth instruction asked for, and which embodied in a smaller compass all that was asked in instructions sixteen and seventeen, is as follows:

"The law of the road in this state requires travelers in vehicles, when they approach on the highway, each to seasonably turn to the right of the center of the road. While this rule cannot, from the nature of the case, apply to a street car running upon a fixed track, it does apply to vehicles meeting a street car, and where a collision occurs with a vehicle, and that vehicle is on the wrong side of the road at the time of such collision, the fact that it is on the wrong side of the road is *prima facie* evidence of negligence on the part of the person driving such vehicle, and will defeat any action for damages brought by such person, unless it appears that it did not contribute to produce the injury for which the action is brought, and the plaintiff be free from the imputation of negligence in other respects."

None of the cases cited by appellant under this head are in point, but are all cases growing out of collisions between ordinary vehicles without fixed tracks. The section of the statute cited by appellant is as follows:

"SEC. 3030. Whenever any persons driving any vehicle shall meet on any public highway in this territory, whether owned or kept by a corporation or private person, the person so meeting shall seasonably turn their vehicles to the right of the center of the road, so as to permit each vehicle to pass without interfering with or interrupting the other."

The very language of the law conclusively shows that it has no reference to railroads. It is the duty of the person meeting the street car to keep off of the track if he can, and it makes no difference in getting off whether he

turns to the right or to the left.    Sometimes the situation might be such that he could best avoid a collision by turning to the right, while in other cases it might be the height of folly to turn to the right, and would show the most culpable negligence and lack of prudence.    This law, as applied to free vehicles is founded on good reasons, and its observance tends to prevent collisions, but it could have no application to cars running on fixed tracks, and was evidently not so intended by the legislature.

The contention of the appellant that the court erred in refusing the seventeenth instruction, for the reason "that as the plaintiff Mrs. Spurrier was on the wrong side of the street at the time of the accident, the presumption arises that the collision was due to her fault," is entirely without foundation.    We do not understand that there is any right or wrong side of the street.    A street is a public highway, made for the convenience, accommodation and use of the public, and any person has a right to travel on any part of it, provided he does so with a proper regard for the rights of others, including, of course, the rights of street railways, and on this subject the instruction of the court was full and fair.    We think the instructions covered every material issue in the case, and that it was a clear, compact and correct statement of the law governing the case.

It is also alleged that the court erred in permitting the plaintiff, over objection of the defendant, to testify as to internal injuries suffered by her, as such testimony was merely her opinion on a matter calling for expert testimony.    This was not expert testimony, but she was testifying to a fact, and it was certainly the best character of testimony that could have been adduced.    Mrs. Spurrier testified how she was hurt, that she was hurt across the hips; that she was hurt internally, and that she suffered great pain from the injury, etc.    If pain and suffering cannot be proven by the person who suffers, it would be

a hard matter to establish it. This kind of testimony is almost universally offered in cases of this kind, and we are unable to find a case where an objection to it has ever been sustained.

Neither can this case be reversed for the reason that the verdict was excessive. If the testimony of the plaintiff as to her injuries is true, this court cannot say that a verdict for one thousand dollars is excessive, or is the result of passion or prejudice.

So far as the question of negligence of the defendant is concerned, there was conflicting testimony. The testimony went to the jury under proper instructions; that was one of the questions of fact which the jury had to decide. They have decided it against the defendant, and this court would not be warranted in disturbing their verdict.

Judgment is affirmed, and costs for respondent.

ANDERS, C. J., and SCOTT, J., concur.

HOYT, J., not sitting.

STILES, J.—I dissent. I think the evidence clearly showed the respondent's injuries to have been the result of an unavoidable accident, for which neither party was to blame.