CUMISKY, Respondent, vs. THE CITY OF KENOSHA, Appellant.

*February 27 — March 16, 1894.*

*Municipal corporations: Injury to person from ice on sidewalk: Contributory negligence: Court and jury.*

Plaintiff, a woman fifty-three years old, knew of a dangerous ridge of ice on a sidewalk over which she had to pass. Just as she came to it a great many workmen were leaving their shops, and she, being timid and nervous about meeting so many persons, hurried to avoid them. Her attention being thus diverted, she slipped upon the ice ridge and was injured. *Held,* that her contributory negligence was a question for the jury.

APPEAL from the Circuit Court for *Kenosha* County.

Action for personal injuries caused by a defect in a sidewalk. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Cavanagh & Fisher,* and for the respondent on that of *Quarles, Spence & Quarles.*

Counsel for the appellant cited *Achtenhagen v. Watertown,* 18 Wis. 331; *Langhoff v. M. & P. du C. R. Co.* 19 id. 489; *Rothe v. M. & St. P. R. Co.* 21 id. 256; *Langhoff v. M. & P. du C. R. Co.* 23 id. 43; *Nicks v. Marshall,* 24 id. 139; *Delaney v. M. & St. P. R. Co.* 33 id. 67; *Goldstein v. C., M. & St. P. R. Co.* 46 id. 404; *Kearney v. C., M. & St. P. R. Co.* 47 id. 145; *Williams v. C., M. & St. P. R. Co.* 64 id. 1; *Hopkins v. Rush River,* 70 id. 10; *Schaefler v. Sandusky,* 33 Ohio St. 246; *Wilson v. Charleston,* 8 Allen, 137; *Horton v. Ipswich,* 12 Cush. 488; *Quincy v. Barker,* 81 Ill. 300; *Erie v. Magill,* 101 Pa. St. 616; *Hausmann v. Madison,* 85 Wis. 187; *Parkhill v. Brighton,* 61 Iowa, 103.

ORTON, C. J. The facts in this case are very few. The defect in the sidewalk which was the cause of the plaintiff's

injury was a high ridge of ice on the walk at the intersec-
tion of Grand avenue and Main street in the city of Keno-
sha, of considerable height, of rounded form, and that cov-
ered the entire walk, and had been there for a long time.
The plaintiff had occasion to pass over this obstruction on
the 26th day of January, 1893, about 5 o'clock P. M., and,
not thinking of the ice, she stepped upon it, and slipped and
fell on her side, and was injured very seriously.  The jury
rendered a verdict for the plaintiff for $4,000 damages.

The plaintiff testified that she had passed over that ridge
of ice before, and the last time before the accident, that
same afternoon, about an hour before, and noticed it as a
very bad place, and that it was six or eight inches high.
The plaintiff was fifty-three years old.  She was returning
towards her home from the other side of the city, and just
as she came to the ice ridge there were a great many work-
men from the shops, who had just quit work at the ring-
ing of the 5 o'clock bell, and she was timid and nervous
about meeting so many persons, and she hurried so as not
to meet them.  As she came to the corner, she looked up
to see the men coming.  Not thinking of anything else,
she slipped and fell.  She was not thinking of the ice, and
was looking at the men.  The plaintiff's attention was evi-
dently, for the moment, diverted from the icy obstruction
on the walk.

In connection with this evidence, the court very fairly
submitted to the jury the question of her contributory neg-
ligence.  It is contended by the learned counsel of the ap-
pellant that, notwithstanding this evidence of the plaintiff's ·
diversion from all thought of the obstruction or condition
of the walk, she was guilty of contributory negligence and
ought not to have recovered.  This question was peculiarly
for the jury, and they seem to have considered the circum-
stances sufficient to excuse the plaintiff for her want of rec-
ollection of the defect at the time, and her want of atten-

tion to it. Such facts and circumstances have often been held by this court to destroy the effect of the plaintiff's previous knowledge of the defect as the ground of contributory negligence, and repel the presumption of negligence from the plaintiff's previous notice and knowledge of the obstruction, and that the jury might properly so consider them. *Kavanaugh v. Janesville*, 24 Wis. 618; *Wheeler v. Westport*, 30 Wis. 392; *Kelley v. Fond du Lac*, 31 Wis. 179; *Barstow v. Berlin*, 34 Wis. 357; *Spearbracker v. Larrabee*, 64 Wis. 573; *Cantwell v. Appleton*, 71 Wis. 463.

The insufficiency and want of repair of the street at this place was not contested, or the liability of the city to the plaintiff in the action, if the jury could properly find the plaintiff free from contributory negligence.

*By the Court.*— The judgment of the circuit court is affirmed.