[No. 3084. Decided July 18, 1900.]

W. H. COWIE *et ux., Appellants,* v. CITY OF SEATTLE, *Respondent.*

MUNICIPAL CORPORATIONS—ACTION FOR DAMAGES—DEFECTIVE SIDE-WALK—NOTICE OF DEFECTS—INSTRUCTIONS.

In an action to recover damages for injuries received through falling over an obstruction on a sidewalk, which defective condition of the sidewalk had been in existence for several years, it was error for the court to refuse to charge the jury that if the obstruction "was in existence for such a length of time that the city authorities, by the exercise of ordinary vigilance, would have discovered it in time to prevent the accident, the city cannot escape liability for want of notice."

SAME—KNOWLEDGE OF DEFECTS—CONTRIBUTORY NEGLIGENCE.

Although one's previous knowledge of the defective condition of a highway, and his mere failure to remember such defect, would not necessarily constitute contributory negligence, when he is injured by reason of such defect, yet a requested instruction to the jury that if they find from the evidence that the plaintiff knew of the existence of the obstruction, but had forgotten about it, or failed to think of it, while walking along, he would, nevertheless, be entitled to recover, if he otherwise exercised ordinary care while using the sidewalk, was properly refused, since the only question to be determined by the jury, on the issue of contributory negligence, was whether the plaintiff was exercising such care and caution as a person of ordinary prudence would use under similar circumstances, and to determine that it was necessary to take into consideration the plaintiff's knowledge and forgetfulness of the condition of the sidewalk.      ∘

SAME—PROVINCE OF JURY.

A charge to the jury that if the plaintiff had knowledge of the defect whereby he received his injuries, and, "at the time of the accident, forgot such defect, that fact alone would not avail him as an excuse," was erroneous, as an invasion of the province of the jury, since it was for the jury, and not the court, to determine what effect plaintiff's forgetfulness should have in the consideration of the question of his contributory negligence.

SAME—OBSCURITY OF INSTRUCTIONS.

In an action to recover for injuries occasioned by a defective sidewalk a charge to the jury that if they find that plaintiff "knew of such defective condition, but at the time of the accident forgot such fact, and that it was by reason that he forgot such defective condition that he was injured, that is, that, by reason of such forgetfulness, he failed to exercise a degree of care and caution commensurate with the danger to be encountered, and that such failure on his part to so remember was the approximate or direct cause of his injury, then plaintiff cannot recover, and the fact that the sidewalk was defective and unsafe would be immaterial," was erroneous, on the ground that it was involved and argumentative, and likely to confuse the jury, as well as in some particulars invading the province of the jury.

SAME—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE REQUIRED OF INJURED PARTY.

In an action to recover for injuries occasioned by a defective sidewalk, a charge to the jury that if they find that plaintiff

was himself guilty of any negligence, and that such negligence was itself a cause of his injury; and that if plaintiff was so guilty of negligence which directly caused such injury, then it was their duty to find for defendant, and it would make no difference in such case whether any defect in the sidewalk assisted in causing such injury, was erroneous on the ground that it imposed a greater degree of care on the plaintiff than the law required, which was merely the exercise of ordinary care, while a requirement that plaintiff be free from "any negligence," in order to recover, would impose upon him the duty of exercising extraordinary care and prudence.

SAME.

Where one has knowledge of the defective condition of a sidewalk he has no right to act on the ordinary presumption that it is safe for public travel.

Appeal from Superior Court, King County. — Hon. E. D. BENSON, Judge. Reversed.

*Fred. H. Peterson,* for appellants.

*W. E. Humphrey* and *Edward Von Tobel,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—Tenth Avenue South is one of the public streets of the city of Seattle, extending south from Main street in said city. Jackson street is the next street south of, and parallel to, Main street, and south of that is Lane street. On the west side of Tenth Avenue South there was a wooden sidewalk about eight feet wide, and upon this sidewalk, between Main and Jackson streets, there was situated a board or plank "incline" extending from the door of a blacksmith shop, at the inner side of the walk, outward for a distance of four or five feet. The space between the incline and the outer edge of the sidewalk was, it appears, kept in a reasonably safe condition for pedestrians. This incline had been in existence for a period of four or five years prior to the time hereinafter mentioned, during all, or nearly all, of which time the appellant W. H.

Cowie resided on the corner of Lane street and Tenth Avenue South, and on the west side of the avenue, and had knowledge of the incline and usually passed by it on the sidewalk in going to and returning from his place of residence. He frequently, however, traveled upon the sidewalk on the opposite side of the avenue, and which was in good condition and without any known obstructions. The evidence clearly shows that at about 11 o'clock on the night of April 16, 1896, Mr. Cowie, while on his way home from "down town," stumbled against, and fell upon, this incline and was thereby injured. He admitted while upon the witness stand that he knew of the obstruction on the sidewalk which caused him to fall, and frankly testified that he was not thinking of it at the time he came in contact with it. It was dark at the time, and there was no artificial light upon the street in that locality. There was evidence to the effect that the street commissioner and at least one member of the city council had notice of the obstruction long prior to the time of the accident. Indeed, there is some evidence in the record tending to show that the incline was originally placed upon the sidewalk by permission of the city. In the month of October, 1896, the said W. H. Cowie presented to the city his claim for damages and filed the same with the city clerk, which claim was rejected by the city council. He thereupon instituted this action against the city to recover damages for the injuries thus sustained, alleging negligence on the part of the city in failing to keep the sidewalk in a safe condition for travel. The city, in its answer to the complaint, denied the alleged negligence on its part and pleaded contributory negligence on the part of the plaintiff as a defense to the action. The plaintiff at the trial fairly established by his evidence the facts above set forth. No testimony was offered on behalf of the defendant city, and, after the jury were instructed by the court, they returned a verdict for

the defendant, upon which judgment was subsequently entered. This is an appeal from that judgment.

There is no controversy regarding the facts in this case, but it is alleged by the appellant that the trial court erred in giving certain instructions to the jury at the request of the respondent, and in refusing to give certain other instructions requested by appellants. The refusal of the court to give to the jury the following instructions is especially urged as error by the appellants:

"III. But if you should find that the street commissioner did not have actual knowledge of the existence of this obstruction, then I instruct you that the law is, that if the incline was in existence for such a length of time that the city authorities, by the exercise of ordinary vigilance, would have discovered it in time to prevent the accident, the city cannot escape liability for want of notice; under such circumstances the law imputes notice. Failure to discover a dangerous defect in a public street within a reasonable time is itself negligence.

"IV. The duty of the city was to exercise ordinary care to keep its sidewalks safe for travel, and it is for you to determine whether or not the sidewalk complained of was reasonably safe, considering the condition it was in as shown by the testimony in this case. If you find from the evidence that the plaintiff knew of the existence of the incline, but had forgotten about it, or failed to think of it, while walking along, plaintiff will, nevertheless, be entitled to recover if he otherwise exercised ordinary care while using the sidewalk."

Appellants also allege that the court erred in giving to the jury the following instructions at the instance of the respondent:

"III. You are further instructed that if said Cowie had knowledge at the time of such injury of the defective condition of said walk (if you find that it was in an unsafe and defective condition), then it was incumbent upon him to use and exercise a degree of care and caution commensurate with the dangers to be encountered; and if it is

proven that he, at the time of the accident, forgot such defect, that fact alone would not avail him as an excuse."

"IX. The court further instructs you that, although you find that the sidewalk in question was defective and unsafe at the point where plaintiff W. H. Cowie was injured and at said time, yet if you further find that at said time he knew of such defective condition, but at the time of the accident forgot such fact, and that it was by reason that he forgot such defective condition that he was injured, that is, that by reason of such forgetfulness, he failed to exercise a degree of care and caution commensurate with the danger to be encountered, and that such failure on his part to so remember was the approximate or direct cause of his injury, then plaintiff cannot recover, and the fact that the sidewalk was defective and unsafe would be immaterial."

Instruction No. VII requested by the respondent is also objected to, and is as follows:

"VII. You are further instructed that if you find from a preponderance of the evidence that the plaintiff, W. H. Cowie, was himself guilty of any negligence, and that such negligence was itself a cause of his injury, then you have no right to take into consideration the question whether the plaintiff W. H. Cowie or the defendant was more or less negligent in the premises; and if you find that said W. H. Cowie was so guilty of negligence which directly caused such injury, then it is your duty to find for the defendant, and it would make no difference in such case whether any defect in the sidewalk assisted in causing such injury."

The court, of its own motion, instructed the jury that knowledge on the part of the street commissioner would be equivalent to actual notice to the city in this case. This instruction, so far as it goes, undoubtedly states the law correctly; but, inasmuch as the city could not escape liability for want of notice if it had either actual or constructive notice of the condition of the sidewalk, we are of the opinion that the learned judge should have given

to the jury the third instruction requested by the appellants. This request clearly states the law as previously announced by this court. *Lorence v. Ellensburgh,* 13 Wash. 341 (43 Pac. 20). But we think that appellants' fourth request was properly refused, for it does not, as a whole, correctly state the law. The last part of the proposed instruction states that, if the plaintiff knew of the existence of the incline, but had forgotten it, or failed to think of it, while walking along, he will nevertheless be entitled to recover if he *otherwise* exercised ordinary care while using the said walk. By this request the court was asked to charge the jury, in effect, that they might disregard the fact that the plaintiff knew of the incline, but failed to think of it while walking on the sidewalk, if he *otherwise* exercised ordinary care. This is not the law. The only question to be determined by the jury, on the issue of contributory negligence, was whether the plaintiff, at the time of the accident, was exercising such care and caution as a person of ordinary prudence would use under similar circumstances. And that question could not properly be determined without taking into consideration all the facts and circumstances in evidence, including the plaintiff's knowledge of the condition of the sidewalk and his forgetfulness of its condition at the time of his injury. This court has several times held that one's previous knowledge of a defect or obstruction in a street or sidewalk, whereby he is injured, will not, as a matter of law, necessarily preclude him from recovering damages for such injury on the ground of contributory negligence. See *McQuillan r. Seattle,* 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Bothell r. Seattle,* 17 Wash. 263 (49 Pac. 491); *Smith v. Spokane,* 16 Wash. 403 (47 Pac. 888). And this ruling is amply supported by the authorities. 15 Am. & Eng. Enc. Law (2d ed.), 468; 1 Shearman & Redfield, Negligence (5th ed.), § 376; *Maloy v. St. Paul,* 54 Minn.

398 (56 N. W. 94); *Wichita v. Coggshall,* 3 Kan. App. 540 (43 Pac. 842); *Germaine v. Muskegon,* 105 Mich. 213 (63 N. W. 78); Jones, Negligence of Municipal Corporations, p. 426; *Village of Clayton v. Brooks,* 150 Ill. 97 (37 N. E. 574).

We have also, in common with many other courts, decided that a mere failure to remember a known defect in a way does not necessarily constitute contributory negligence if it results in injury. *McQuillan v. Seattle, supra; Smith v. Spokane, supra.* But there is nothing in either of these decisions that would have justified the trial court in giving to the jury the instruction in question.

We are clearly of the opinion that the court erred in giving to the jury the third instruction proposed by the respondent. It may be true, as an abstract proposition, that one's failure to remember a defect in a sidewalk, of which he had knowledge, will not *alone* avail him as an excuse for negligence, if that was the idea the court intended to convey to the jury. But it was for the jury, and not the court, to determine what effect the appellant's forgetfulness should have in the consideration of the question of his negligence. It having been admitted by the appellant, W. H. Cowie, that he was aware of the existence and location of the incline, and that he failed to bear it in mind at the time of the accident, the jury were warranted, by this instruction, in concluding, and may have concluded, that the appellant was bound, at his peril, to remember it, and, not having done so, was guilty of negligence, and therefore had no right to recover in this action. Instead of saying to the jury that if said Cowie forgot the defect, that fact would not avail him as an excuse, the learned judge should have told them, in substance, that the failure of appellant W. H. Cowie to remember the obstruction was a proper matter for their consideration, in connection with all other facts and circumstances in the

case, as bearing upon the question whether he did or did not exercise ordinary care and prudence. This instruction, it seems to us, is clearly an invasion of the province of the jury and is, therefore, erroneous. The ninth instruction given at the request of the respondent is subject, in part at least, to the same objections as the one last considered, and, besides, it is involved and argumentative and, in our judgment, was more likely to confuse than to enlighten the jury.

"It is generally held that one is not necessarily negligent, because, though knowing of the defect, he fails to bear it in mind at the time of approaching it." 15 Am. & Eng. Enc. Law (2d ed.), p. 472.

See, also, *McQuillan v. Seattle, supra; Smith v. Spokane, supra; Maloy v. St. Paul, supra; Wheeler v. Westport,* 30 Wis. 392; *Cumisky v. Kenosha,* 87 Wis. 286 (58 N. W. 395); *Simonds v. Baraboo,* 93 Wis. 40 (67 N. W. 40, 57 Am. St. Rep. 895); *Barton v. Springfield,* 110 Mass. 131; *Weare v. Fitchburg,* 110 Mass. 334; *George v. Haverhill,* 110 Mass. 506; *Parker v. Springfield,* 147 Mass. 391 (18 N. E. 70); 1 Shearman & Redfield, Negligence (5th ed.), 376.

In *Maloy v. St. Paul, supra,* the court said:

"The defect here was not such as would or should have turned the prudent traveler off from the walk to seek a better route. . . . Although advised of the defect, she did not have it presently in mind. Nor is it necessary that the thoughts of a traveler should be at all times fixed upon defects in the street or sidewalk, of which he may have notice."

The seventh instruction which was given to the jury at respondent's request is also erroneous, and is contrary to the doctrine announced by this court in *Spurrier v. Front Street Cable Ry. Co.,* 3 Wash. 659 (29 Pac. 346). In that case the defendant asked the court to instruct the jury

that, "if it appears from the evidence that the plaintiff was guilty of any negligence whatever, which contributed to cause the injury complained of in this action, or concurred with the negligence of the defendant, if any, in producing it, then your verdict must be for defendant." And we there held that the instruction was properly refused on the ground that it imposed a greater degree of care on the plaintiff than the law required. The law does not require the plaintiff in an action for personal injuries to be absolutely free from any negligence whatever in order to recover, for such a requirement would impose upon him a duty of exercising extraordinary care and prudence, which is not the standard by which his negligence is measured. All the law requires of the plaintiff, in such cases, is the exercise of ordinary care, under the circumstances surrounding him, and this he may do, although he may be guilty of some slight negligence, in the broadest sense of that term. The rule upon this subject was so clearly enunciated by the supreme court of Wisconsin in the case of *Cremer v. Portland,* 36 Wis. 92, that we feel justified in quoting from the opinion therein. In that case the defendant asked the trial court to charge the jury as follows:

" 1.    There can be no recovery by the plaintiff in this case, if the jury believe from the evidence that the plaintiff was guilty of negligence (though it were slight), and such negligence contributed directly to the injury.

2.    If the jury believe from the evidence that the plaintiff was guilty of any negligence which contributed directly or proximately to produce the injury, then, and in that case, the plaintiff cannot recover."

Concerning these instructions the learned court said:

" The law is, that if the plaintiff was guilty of any want of ordinary care and prudence (however slight), which neglect contributed directly to produce the injury, he cannot recover.    .    .    .    It is not the law that slight negligence on the part of the plaintiff will defeat the action.

Slight negligence is the want of extraordinary care and prudence; and the law does not require of a person injured by the carelessness of others the exercise of that high degree of caution as a condition precedent to his right to recover damages for the injuries thus sustained. Both of the rejected instructions (as we understand them) assert this erroneous principle, and were therefore properly refused."

And Mr. Beach, referring to that part of the opinion in the Wisconsin case above quoted, says:

" The weight of the most intelligent authority will, it is believed, sustain this position. Not slight negligence, but any want, however slight, of ordinary care on the part of a plaintiff, is sufficient to defeat the action. This want of ordinary care may, in order to operate as a defense to the plaintiff's action, be, in point of time, either prior, or subsequent to the negligence of the defendant, or contemporary therewith." Beach, Contributory Negligence (2d ed.), § 20.

What we have said respecting this seventh instruction is equally applicable to the second instruction requested by the respondent, in which the jury were told that, "where any one is himself guilty of any negligence which caused, or contributed to cause, his injuries, then he cannot recover." As we have already intimated, the words "any negligence" comprehend slight negligence, and "slight negligence is a want of extraordinary care and prudence." The instructions requested by the appellants to the effect that a person traveling upon a sidewalk has a right to assume that it is safe for public travel were, under the circumstances, properly refused. Being perfectly familiar with the condition of the sidewalk, Mr. Cowie had no right to act on the ordinary presumption that it was unobstructed and safe. 15 Am. & Eng. Enc. Law (2d ed.), 468, 469. We assent, without hesitation, to the proposition urged by the learned counsel for the respondent that

when the instructions given by the court to the jury fully cover the whole case and fairly present the law applicable to the case, it is not error to refuse to give other instructions requested, although such instructions may correctly state the law applicable to the case. But we are unable to assent to the further proposition that the instructions given to the jury, in this instance, were a fair presentation of the law of the whole case.

For the errors indicated the judgment is reversed, and the cause remanded to the superior court for further proceedings in accordance with this opinion.

DUNBAR, C. J., and REAVIS, J., concur.