[No. 2566.  Decided June 26, 1897.]

GEORGE BOTHELL, *Respondent*, v. THE CITY OF SEATTLE *Appellant*.

DEFECTIVE SIDEWALKS — ACTION FOR INJURIES — CONTRIBUTORY NEG— LIGENCE — EVIDENCE OF SUFFERING.

The fact that, within three or four months prior to the time of receiving injuries by reason of a defective sidewalk, the person injured had traveled over the sidewalk is not of itself sufficient to establish contributory negligence.

In an action to recover for personal injuries, evidence as to the condition of plaintiff some time after the accident and his exclamations of pain and suffering is competent and material.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge.  Affirmed.

*John K. Brown*, and *F. B. Tipton*, for appellant:

Evidence of complaints made to witness long after the accident was clearly both incompetent and immaterial.  It was an admission made in respondent's own interest, and was in no way a part of the *res gestae*.  *Boston, etc., R. R. Co. v. O'Reilley*, 158 U. S. 334; *Cleveland, etc., Ry. Co. v. Sloan*, 39 N. E. 174.

*Brady & Gay*, for respondent.

The general rule is well recognized that exclamations of pain or statements of present suffering, made by a sick person while undergoing such pain and suffering, are admissible on the ground that they are the ordinary accompaniments of expressions of suffering.  *McKormick v. West Bay City*, 68 N. W. 148; *Firkins v. Chicago G. W. Ry. Co.*, 63 N. W. 172; *Will v. Village of Mendon*, 66 N. W. 58; *Lacas v. Detroit City Ry.*, 52 N. W. 745.

*Per Curiam.*—This case was argued by the same counsel and submitted together with that of *Sproul v. Seattle,* *ante,* p. 256. It was brought to recover for injuries received by respondent at the same time and place, and occasioned in the same manner as those occurring to Sproul. The principal questions in it are ruled by that case. Aside from the questions there discussed, we deem it necessary only to say that from an examination of the evidence we think the court did not err in denying the motion for nonsuit upon the ground of contributory negligence of the respondent. The mere fact that, within three or four months prior to the time of the injury, respondent had traveled the sidewalk in that portion of the city was not of itself sufficient to defeat his recovery in the present action.

2. The testimony of witness Sproul as to the condition in which he found the respondent some time after the accident, and respondent's exclamations of pain and suffering testified to by the witness, was, we think, both competent and material, and the court did not err in receiving it over appellant's objections.

The judgment must be affirmed.