[No. 13188.   Department One.   June 6, 1916.]

B. YANASE, *Respondent*, v. SEATTLE TAXICAB & TRANSFER COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—ACCIDENTS AT CROSSINGS—ORDINANCES—RIGHT OF WAY. A pedestrian waiting to board a street car stopping at a street intersection, need not be exactly upon the crossing to be within the rule of an ordinance giving pedestrians the right of way at street crossings; and is shown to be approximately on the crossing where it appears that he was from eight to thirty feet east of the northeast curb of a street corner.

TRIAL—INSTRUCTIONS—AS A WHOLE. An instruction founded upon a pedestrian's right of way at a street crossing under a city ordinance, must be read in connection with other instructions giving vehicles the right of way between crossings, as the instructions must be considered as a whole.

Appeal from a judgment of the superior court for King county, Ralston, J., entered May 4, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by a taxicab. Affirmed.

*F. E. Brightman* and *Arthur E. Campbell*, for appellant.
*Charles H. Miller*, for respondent.

FULLERTON, J.—Respondent was struck by one of appellant's taxicabs, and brought this action to recover damages for personal injuries thereby sustained. This appeal was taken from a verdict in respondent's favor.

On the night of November 12, 1914, respondent was standing on the northeast corner of Jackson street and Eighth

[1]Reported in 157 Pac. 1076.

avenue, in Seattle, awaiting the approach of a street car which was going west on Jackson street. As the car neared the corner upon which he was standing, respondent, after looking in both directions for other approaching vehicles and seeing none, stepped at a right angle to the curb to board the street car. He proceeded several feet into the street, and the car having stopped a few feet west of where he was waiting, he took several steps in that direction, when he was struck by appellant's taxicab, which was also proceeding west on the north side of Jackson street.

Appellant's only complaint is with regard to certain instructions. The first of these are as follows:

"A pedestrian crossing a public street at a public crossing is, by the ordinance of the city of Seattle, in the absence of a clear and plain warning not to do so, entitled to the right of way, and cannot be held liable for failure to observe continuous and extraordinary care and observation to avoid vehicles using such street when the street is open and unobstructed, and the driver or drivers of such vehicles have equal opportunity to observe and notice pedestrians using said crossing at the time."

"If you find that the plaintiff was, on the 12th day of November, 1914, crossing Jackson street, at a public crossing, to board a street car running upon said street, and had, previous to attempting such crossing, received no notice or warning of, or danger from, the immediate approach of defendant's taxicab, the plaintiff had the right of way upon such crossing, and, in the absence of such previous warning, was not required to exercise continuous observation to ascertain or discover the approach of such taxicab to avoid collision with the same, but it was the duty of the driver of the taxicab, in approaching a crossing where street cars stopped to discharge or receive passengers, to avoid collision with all persons using such crossing for the purpose of boarding such street cars."

Appellant concedes these instructions correctly state the law as applicable to street crossings, but contends they are prejudicial for the reason that there is no evidence showing the accident occurred on a street crossing. We cannot agree

with this contention. A photograph of the intersection of the streets was introduced in evidence, upon which respondent marked where he stood while waiting for the car, and this shows him to have been approximately on the crossing. The testimony showed that he was from eight to thirty feet east of the northeast curb of Eighth avenue, which would place him upon or very near the crossing, and under the authority of *Ludwigs v. Dumas*, 72 Wash. 68, 129 Pac. 903, it was not necessary that he be exactly upon the crossing. At the close of respondent's case, it was stipulated by counsel, and the stipulation was read to the jury, that, under an ordinance in force at the time of the accident, an automobile or vehicle has the right of way at all points between street intersections, while a pedestrian has the right of way at street crossings. This stipulation shows, at least to some extent, the theory upon which the case was tried. We are clearly of the opinion that there was sufficient evidence to make the question whether or not the accident occurred at the street crossing one for the jury.

The following instruction is also complained of:

"If you find that the plaintiff, in attempting to cross Jackson street to board a street car, received no notice or warning of immediate danger from the approach of defendant's taxicab, and the street was open and unobstructed, and the driver of the taxicab had equal opportunity for observation with the plaintiff, the duty of continuous observation was imposed upon the driver of the taxicab, and the defendant is liable whether the driver, after the plaintiff began such crossing, gave notice or warning of his approach or not; and if you also find that the plaintiff so used reasonable care in attempting such crossing, and said taxicab was being driven and was approaching at an unlawful rate of speed, the defendant is liable irrespective of any warnings given by the driver of such taxicab after plaintiff had attempted to make such crossing."

Appellant contends this instruction does not limit that part of Jackson street respondent might cross and still be pro-

tected by the rule that the pedestrian had the right of way. Possibly this criticism has merit when the instruction is read without regard to the other instructions given, but in view of the court's entire charge, which must be considered, it is clearly without prejudice to the rights of appellant. After giving the above instruction, the court instructed the jury that the rights of appellant's taxicab between street crossings were superior to those of respondent, and that if respondent did not give way to its superior right when between crossings, their verdict must be for appellant.

As we find no error in the record, the judgment is affirmed.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.