[No. 18854.   Department Two.   December 23, 1924.]

# S. E. BUELL et al., Respondents, v. PARK AUTO TRANSPORTATION COMPANY, Appellant.[1]

APPEAL (458)—REVIEW—HARMLESS ERROR—EVIDENCE. Error in not permitting a witness to testify whether a stage could have been driven further to the right is without prejudice, when he had testified that it was off the pavement two feet and could not have been driven a foot further without going into the ditch.

EVIDENCE (105)—HEARSAY—ORAL STATEMENTS. Complaints made by an injured person to another not a doctor are admissible in evidence for the purpose of determining the weight to give to opinions of the physicians attending.

HIGHWAYS (53, 59)—USE OF HIGHWAYS—NEGLIGENCE—MEETING AND PASSING—INSTRUCTIONS. In an action for personal injuries sustained in an automobile collision, when plaintiff drove to the left side to pass a car, placing himself in the path of oncoming traffic, it is error to give an instruction authorizing a verdict for plaintiff, based on defendant's excessive rate of speed while attempting to return to the pavement, which left out of consideration the claim that defendant was travelling diagonally across the pavement, and also omitted the element of plaintiff's duty not to pass a car in front unless there was a clear view ahead of at least two hundred yards (MAIN, C. J., dissenting).

EVIDENCE (208)—OPINION EVIDENCE—EXPERTS—BODILY CONDITION. It is not prejudicial error to allow a physician to testify that the personal injuries sustained by plaintiffs would have a tendency to shorten their lives.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 17, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in an automobile collision. Reversed.

*James B. Howe, Hugh A. Tait, Murphy & Kumm,* and *Charles L. Harris,* for appellant.

*Williams & Davis,* for respondents.

[1]Reported in 231 Pac. 161.

HOLCOMB, J.—This action arose out of a collision between the car of respondents and a motor stage of appellant, about two miles south of the city of Everett, about 1:00 o'clock p. m., on June 17, 1923. The jury awarded damages in the sum of $10,750, apportioning them by special findings as follows: $10,000 for injuries to the person of respondent Ella M. Buell; $500 for the injuries to the person of S. E. Buell, and $250 for damages to their automobile. A judgment was entered on the verdict, from which this appeal comes.

The Pacific Highway at the point of collision runs in a general north and south direction, is paved sixteen feet in width, and has a dirt shoulder on the west side approximately three feet in width, the highway being straight for a distance of about a quarter of a mile north and south at the place of the accident.

Respondent S. E..Buell was driving his Chevrolet touring car, accompanied by his wife, the other respondent, returning from Seattle to their home in Vancouver, B. C., and driving, according to respondents' testimony, at a speed of from 20 to 25 miles per hour. Just prior to the accident, respondents were driving on the right-hand side of the paved road, and there were several other automobiles in front of them going in the same direction. The automobile immediately in front of respondents' car pulled out of the line of traffic in order to pass a Buick car going in the same direction. Respondents claim that the Buick car then slowed down somewhat and swung a little off the pavement of the road, and that respondent S. E. Buell thought he was about to run into the Buick, stepped on his brake, and then, thinking to avoid a collision with the Buick, turned to the left, but struck the spare tire and its attachment on the rear of the Buick car and broke it. This collision, he said, threw him somewhat to the left and towards the middle of the

pavement; that just then the stage, coming from the north, which had shortly previous thereto passed a car traveling the same direction as the stage, towards Seattle, had run off the paved portion of the highway a little to the right of the driver of the stage; that in pulling back onto the paved portion of the road, as respondents testified, the stage ran up diagonally onto the pavement and upon or close to respondents' right side of the road; that respondents' car was stopped at the time and the stage ran into it. Respondents claim that the stage was running at a speed of from 35 to 40 miles per hour; respondent S. E. Buell claiming that it was going not less than forty miles per hour.

There is a conflict in the testimony as to the speed of the stage, and as to the manner of the stage's traveling after it had passed the other car shortly before the accident. The driver and disinterested witnesses who were passengers in the stage testified that the stage was going 20 or 25 miles per hour, not over 25; that it slowed up and turned to the right with its right wheels off the pavement when the car just ahead of respondents had passed ahead of the Buick, to avoid it, and that it was still traveling with the right wheels off the pavement to the right side; that, when it stopped, it stopped in that position, except that the collision with respondents' car had blown up the left front tire of the stage, causing the stage to swing a little in towards the pavement; that, when the stage stopped, if it had been another foot to the right it would have been in the ditch. There was testimony of two other apparently disinterested witnesses to the evidence of respondents, corroborating them to some extent.

Mrs. Buell received rather serious injuries, among others, an injury to her spine, which, it is claimed, will be permanent, and as doctors testified, may shorten her life. Mr. Buell sustained injuries for which

$500 is apparently ample compensation, and the sum allowed for the damages to the automobile is all that was claimed by respondents.

Appellant claims errors as follows:

(1) The overruling and denying of its motion for judgment notwithstanding the verdict.

(2) In overruling and denying its motion for a new trial.

(3) In entering judgment against appellant.

(4) In not permitting a witness named Strong to testify whether, at the time of the accident, the stage could have been driven further to its right.

(5) In admitting the testimony of respondent S. E. Buell (the husband) as to complaints made to him by respondent Ella M. Buell, his wife, concerning her injuries.

(6) In giving instruction numbered 2.

(7) In giving instruction numbered 15.

(8) In permitting a medical witness to testify that the injury received by respondent S. E. Buell would have a tendency to shorten his life, and also that the injuries received by respondent Ella M. Buell might shorten her life.

As to the first error, there is no need of discussion. Whatever may be our views as to the weight and credibility of the evidence, there was a conflict in all of the essential facts in the case, and there was testimony to go to the jury sustaining the theory of respondents as to the cause of the injuries and damages.

The third claim of error is of the same character.

The fourth claim of error is as to a matter in which appellant was not prejudiced, for the reason that Strong, a passenger in the stage involved in the accident, testified that, when he got out of the stage, he saw the stage standing with the right wheels off the

pavement about two feet, and if it had been over to the right another foot it would have been in the ditch, which at that place was stated to be about two feet deep. The driver of the stage also testified to the same effect.

The fifth claim seems to have been decided by this court in the cases of *Bothel v. Seattle,* 17 Wash. 263, 49 Pac. 491; *Peterson v. Seattle Traction Co.,* 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; and *Shearer v. Buckley,* 31 Wash. 370, 72 Pac. 76.

The last two cases cited are more nearly in point upon this question than is the other, it being decided in both of the cases that testimony of complaints made by the injured person to another not a doctor, a few days after the injury, relating to the nature and extent of the injuries, is admissible. Appellant relies on *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12, quoting as follows:

"It is further urged that the court erred in permitting a physician, called as an expert witness, to testify as to statements made by Mrs. Estes regarding her condition, upon which he based his opinion. Such evidence is admissible for the purpose of affording the jury some means of determining the weight to be given to the opinion of the physician, but not as evidence tending to prove the actual condition of the patient at the time. This, we think, is the general rule." (Citing cases.)

It will be observed that, in the case above cited, the question was not involved as to whether complaints of an injured person made to a person other than a physician would be admissible.

In any event, there was the testimony of Mrs. Buell herself and of two physicians that she complained shortly after the accident and continued to complain of the same pains.

Were it a new question in this jurisdiction we might examine it to determine whether hearsay evidence, not really a part of the *res gestae,* is admissible, but we feel bound by the previous decisions above cited.

Instruction No. 2, which is the sixth error alleged, is as follows:

"You are instructed that if you find from the preponderance of the evidence that the stage of the defendant at the time of the accident was being driven at a greater rate of speed than thirty miles per hour; or at any rate of speed that endangered the property of plaintiffs, or the life and limb of the plaintiffs; or that the driver of the stage had previous to the accident driven it partially or entirely off the pavement to his right hand and immediately preceding the collision was attempting to turn his stage upon the pavement again, and that for him to do so was not to act as a reasonably prudent and careful person would have acted in the light of all the circumstances and conditions that existed on the highway at that immediate time, and if you shall further believe from such preponderance of the evidence that by reason of its rate of speed, or by reason of its being turned back upon the pavement the stage of defendant collided with plaintiffs' automobile, and plaintiffs' persons were injured as the direct and proximate result of some one or more of such acts of the driver of the defendant's stage, then you shall find for plaintiffs unless you shall find the plaintiffs to have been themselves guilty of contributory negligence."

It is difficult to see that the speed of the stage had anything whatever to do with the accident itself, and we would be inclined to hold that this case comes within the rule of *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, were it not for the fact that respondents testified, and their theory of the case was (incredible as it may seem), that, after the stage had traveled a short distance with its right wheels off the pavement to the

right, it suddenly veered back onto the pavement and traveled diagonally across the pavement until it struck them on their own side of the pavement. Had we been the triers of the facts we would have attached more weight to the contradictory statement made by respondent S. E. Buell when he made his report of the accident at the office of the sheriff of Snohomish county, about two hours after the accident, in which he placed his own car with its front end a little to the west of the center of the pavement. Bear in mind that he had closed up on the car in front of him, and then as he continued, finding the car in front of him slowing down, in order to avoid a collision he had turned to the left to get around that car; also that the pavement is only sixteen feet wide. When he turned out to pass the car in front of him he must have been west of the center line of the paved portion of the highway. He must, therefore, have had the front of his car in the way of south-bound traffic, and of the oncoming stage. All the evidence shows that his car was turned around by the collision so that it was headed south instead of north immediately after the accident. Respondent S. E. Buell was also very inconsistent in his testimony at the trial, for at one time he testified that he could not tell the speed of the stage, that no one could have told that; but finally, after, as he said, considering the matter carefully, he testified that the stage was going thirty-five to forty miles per hour—in his opinion not less than forty.

There was not in this case, as in *Burlie v. Stephens,* *supra,* a sudden complete turning in front of the vehicle alleged to have caused the injury, if the testimony of respondents is to be accepted. However, the operator of the stage had the undoubted right to return to, and drive his car upon, the right half of the

pavement. He also had the undoubted right to assume that persons driving vehicles in the opposite line of traffic would have due regard for the law of the road and would not put themselves upon the wrong side. The instruction says that, if the stage was traveling at a greater rate of speed than thirty miles per hour, or at any rate of speed endangering the property or the life and limb of respondents, or if the driver of the stage had, previous to the accident, been partially or entirely off the pavement to his right hand, and immediately preceding the collision was attempting to turn the stage upon the pavement again, and that if for him to do so was not to act as a reasonably prudent and careful person would have acted, in the light of all the circumstances and conditions then existing upon the highway at that immediate time, and if by reason of its rate of speed, or by reason of its being turned back upon the pavement, the stage of appellant collided with respondents' automobile, to their injury, and was the direct and proximate cause of such injury, the verdict should be for plaintiffs.

The trial court in his memorandum opinion, passing on the motion for a new trial, or judgment n. o. v., explained this instruction as an effort to limit and define to the jury the two acts of negligence on the part of the defendant, as to which there was some evidence for the jury to consider and weigh, the driving of the stage at a greater rate of speed than thirty miles per hour, or at any rate of speed that endangered the property, life and limb of plaintiffs; or the act of the driver in turning the stage upon the paved portion of the highway, which required him to overcome some little elevation that exists along the edge of the pavement.

The vice of the instruction is that it allows the jury to find appellant's stage operator negligent if he had

been driving his vehicle partly off the pavement to the right, which, of course, would be more out of the way of opposite-bound traffic than otherwise, and was attempting to return to the pavement, regardless of whether he was driving diagonally across the pavement towards respondents' vehicle immediately before the collision or not. It leaves out of question, also, although another instruction did give that element to the jury, the duty of respondents not to attempt to pass a car in front of them unless they had a clear view ahead for a distance of two hundred yards.

While the omission from the instruction of the precise theory of respondents upon which they sought recovery, that the stage traveled diagonally across the pavement until it struck them, it striking them on their side of the pavement, may seem insignificant, it is sometimes "trifles light as air that become as strong as proofs of Holy Writ."

Manifestly this instruction would authorize the jury to leave out the duty of respondents in passing the other car at that instant, and to hold appellant liable if their operator was merely returning to his half of the pavement.

We find no merit in the complaint as to instruction No. 15, as to the preponderance of the evidence. While the instruction is somewhat imperfect it is not sufficiently so that we can say that it was misleading or confusing to the jury, and will probably not be repeated on a new trial.

The errors claimed as to the testimony of physicians to the effect that the injuries received by both of the respondents would have a tendency to shorten their lives, is also without merit. Such testimony is of the ordinary nature of opinion evidence of medical experts.

For the error contained in instruction No. 2, the judgment is reversed and the cause remanded for a new trial.

MACKINTOSH, FULLERTON, and MITCHELL, JJ., concur.

MAIN, C. J. (dissenting)—While instruction No. 2 may not be very well worded, I cannot accept the view that its giving was reversible error, as I do not see how the jury could in any manner have been misled by that instruction. As stated in the majority opinion, there were two distinct theories: one, that of the appellant, which was that the stage was proceeding with two wheels off the pavement and continued in that position; the other, that of the respondents, which was that the stage, in attempting to return to the pavement, ran diagonally across the same and struck the car of the respondents. With the issues thus clearly defined, it seems to me impossible that the jury could in any manner have been misled by the instructions referred to.

I therefore dissent.