[No. 18889. Department Two. January 16, 1925.]

FANNIE HORNEY et al., Respondents, v. H. E. GIERING et al., Appellants.[1]

MUNICIPAL CORPORATIONS (379)—STREETS—ACCIDENT AT CROSSING —ORDINANCE—RIGHT OF WAY. A pedestrian crossing "at or near" a street intersection need not be exactly upon the crossing in order to be within the rule giving pedestrians the right of way.

SAME (392) — CONTRIBUTORY NEGLIGENCE — DEGREE OF CARE—IN-STRUCTIONS. Upon an issue as to the contributory negligence of a pedestrian, injured at a crossing, the court may instruct the jury to take into consideration her physical infirmities, if any, and it is not error to deny a request that one suffering from physical infirmities must exercise a degree of care commensurate with such infirmities.

SAME (380, 392)—NEGLIGENCE—VIOLATION OF ORDINANCE—INSTRUC-TIONS. It is error to instruct that it is of itself negligence to violate an ordinance providing that no person shall drive any vehicle so as to collide with any person, since the ordinance is invalid in that it makes the driver an insurer, regardless of contributory negli-gence.

SAME (380, 392)—VIOLATION OF ORDINANCE—INSTRUCTIONS—STAT-UTES—CONSTRUCTION. An ordinance requiring the driver of an auto-mobile to give a warning before backing and to exercise unceasing vigilance while backing, applies in case of injuries to pedestrians as well as to injuries to other automobiles.

Appeal from a judgment of the superior court for King county, Hall, J., entered June 28, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Reversed.

[1]Reported in 231 Pac. 958.

*Ralph S. Pierce,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondents.

MAIN, J.—The plaintiff in this action sought recovery of damages for personal injuries. The defendants answered with certain denials and admissions and alleged affirmatively that the plaintiff was guilty of contributory negligence. The cause was tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,500. At the conclusion of the evidence, the defendants made a motion for a directed verdict, and after the verdict was returned, moved for judgment notwithstanding the same, and also for a new trial. These motions were overruled, and judgment was entered upon the verdict against both defendants, from which they appeal.

The appellant H. E. Giering was the owner of a for-hire automobile which was driven by one James Seth. The other appellant, the Mutual Union Insurance Company, was joined as a party because it was surety upon the statutory bond. For convenience of reference hereinafter, the case will be treated as though Giering was the only party against whom the action was brought.

The accident for which recovery was sought happened at or near the intersection of Yesler Way and First avenue, in the city of Seattle. Yesler Way runs, generally speaking, in an easterly and westerly direction, and First avenue north and south. On the day of the accident, the respondent left her work and walked westerly on the south side of Yesler Way, intending to take a street car at what is called the northeast corner of First avenue and Yesler Way. Just as she attempted to cross Yesler Way, the automobile driven by Seth was backing into the curb in order to park there.

As she stepped into the street, she was struck by the back of the automobile and fell upon the pavement, breaking her left arm. The respondent claims and testified that, in attempting to cross, she did so at or near the intersection and at the place where pedestrians at that point ordinarily cross. The witnesses for the appellant testified that she attempted to cross some considerable distance east of the intersection, and if the accident happened where they claim, she would be crossing between intersections.

The appellant assigns error in that the court overruled his motion for a directed verdict, for judgment notwithstanding the verdict, and for a new trial, and also makes a number of assignments of error as to the instructions given and the instructions refused.

Speaking in his brief with reference to the assignments of error in overruling the motions, he says that their merit, as well as the merit of the majority of the exceptions to the instructions, depends upon the facts established by the evidence, and adds that three points were in controversy: (1) Did the collision occur at or between the intersections? (2) Did the driver of the car comply with the traffic provisions requiring the sounding of a warning before backing and the exercise of unceasing vigilance? And (3) did the driver exercise ordinary care under the circumstances?

Upon all of these questions there was a conflict in the evidence and their determination, therefore, was for the jury. There was substantial evidence which would sustain the finding of the jury upon each of them. It is argued, however, that, under the respondent's own testimony, when she attempted to cross she was still a few feet east of the intersection; but even though this be true, it would not prevent a recovery. Taking into consideration the peculiar situation at this intersection, it was not necessary that she be exactly

upon the crossing to be within the rule of an ordinance giving pedestrians the right of way at street crossings. *Yanase v. Seattle Taxicab & Transfer Co.*, 91 Wash. 415, 157 Pac. 1076.

The more important questions in the case are those with reference to two instructions given, and especially to one of them. The appellant requested an instruction as follows:

"In determining whether or not the plaintiff exercised reasonable care under all of the circumstances established by the evidence, you should take into consideration the physical infirmities, if any, from which the plaintiff was suffering at the time of the accident. *The law requires that one suffering from physical infirmities should exercise a degree of care commensurate with such infirmities,* . . ."

The court gave this instruction, eliminating therefrom the italicized portion. It would not have been reversible error, at least, to have given the instruction as requested, and it was not error to refuse it, as the clause which the court eliminated is not quite an accurate statement. There is much discussion in the books relative to the care or caution which a person with defective eyesight or other infirmity must exercise in crossing streets. The respondent's hearing in this case was somewhat defective, and that is what put this question, raised by the refusal to give the instruction, into the case. The best discussion of the question will be found in *Keith v. Worcester & B. V. Street R. Co.*, 196 Mass. 478, 82 N. E. 680, 14 L. R. A. (N. S.) 648. It was there said:

"The standard of care established by the law is what the ordinarily prudent and cautious person would do to protect himself under given conditions. There is no higher or different standard for one who is aged, feeble, blind, halt, deaf or otherwise impaired in capacity, than for one in perfect physical condition. It has

frequently, in recent as well as earlier cases, been said, in referring to one under some impediment, that greater caution or increased circumspection may be required in view of these adverse conditions. See, for example, *Winn v. Lowell,* 1 Allen, 177; *Hall v. West End Street Railway,* 168 Mass. 461; *Hilborn v. Boston & Northern Street Railway,* 191 Mass. 14; *Vecchioni v. New York Central & Hudson River Railroad,* 191 Mass. 9; *Hawes v. Boston Elevated Railway,* 192 Mass. 324; *Hamilton v. Boston & Northern Street Railway,* 193 Mass. 324. These expressions mean nothing more than that a person so afflicted must put forth a greater degree of effort than one not acting under any disabilities, in order to attain that standard of care which the law has established for everybody. When looked at from one standpoint, it is incorrect to say that a blind person must exercise a higher degree of care than one whose sight is perfect, but in another aspect, a blind person may be obliged to take precautions, practice vigilance and sharpen other senses, unnecessary for one of clear vision, in order to attain that degree of care which the law requires.''

In an editorial note to that case in 14 L. R. A. (N. S.) 648, it is said:

''Although there are many expressions in the cases which would seem to indicate that the care required of a blind person, or one with defective eyesight, while using a public street, is greater than the care required of one not similarly afflicted, yet a close analysis of the authorities will warrant the laying down of the general rule—if the phrase 'ordinary care' is used in its strict legal sense—that a person with imperfect vision, in using a public highway, is required to use only ordinary care; but, in determining what is ordinary care, as it is expressed in one of the cases, the jury must consider his blindness and other infirmities, and all the circumstances which bear upon the question as to what is reasonably necessary to insure his safety. Bearing the above in mind, and remembering that ordinary care is a relative term, always dependent on relationship and circumstances, it would

seem that those cases which use expressions to the effect that a person with defective eyesight must take greater precautions, or exercise keener watchfulness, in walking about the streets than is required of a person with good sight, do not really mean that persons so afflicted must use a higher degree of care than ordinary persons, but rather that, in order for them to exercise ordinary care, they must use their other senses more, or at least bear in mind that they lack the one of sight, and act accordingly. In other words, it would seem that the care required of a person with defective eyesight in using a public street is that care which an ordinarily prudent person, also having defective eyesight, would use and exercise under similar circumstances."

The next instruction of which the appellant complains presents a more serious question and one which requires a reversal of the judgment. This instruction was as follows:

"It is admitted that there was in force and effect at the time of the accident ordinance No. 41695, of the city of Seattle, sections 43 and 62 of said ordinance being as follows:

" 'Section 43. No person shall ride or drive any horse, nor drive or operate any vehicle in any other than a careful and prudent manner, nor at a greater speed than is reasonable and proper, having due regard to the traffic and use of the streets by others; nor so as to endanger the life, limb or property of any person, nor so as to collide with any animal or vehicle or street car or strike against any person or property.'

" 'Section 62. Before backing, warning shall be given by a short blast followed by a long blast of the signal device, and while backing unceasing vigilance must be exercised so as not to injure those behind.'

"A violation of either of these sections of said ordinance is of itself negligence, and if such negligence is a proximate cause of injury and damage to another, the one who violates such ordinance is liable for such injury and damage."

Section 43 of the ordinance as quoted in the instruction provides, among other things, that no person shall drive or operate any vehicle so as to collide with or strike "against any person." The appellant's automobile did strike against the respondent. It is the settled law in this state that a thing done in violation of a positive law is of itself negligence. Under the provisions of the ordinance referred to and the rule of law stated, the appellant, when his automobile struck the respondent, was guilty of negligence, no matter how careful the driver of the car may have been at the time. If that provision of the ordinance is sustained, it would take from the appellant the defense that his driver was not negligent and would leave in the case only the question as to whether the respondent was guilty of contributory negligence. The provision of the ordinance, if given effect, would make the operator of an automobile an insurer of the safety of pedestrians upon the street, aside from the question of contributory negligence. It would also place the careful driver as well as the negligent one upon an equal footing. That provision of the ordinance fixes no standard by which negligence of the operator of the car can be determined. It arbitrarily says, when read in connection with the rule of law above referred to, that when a vehicle strikes against a person, the owner or operator of the vehicle is guilty of negligence. Such a provision in an ordinance we think is unreasonable and oppressive and therefore void. In 19 R. C. L. 805, it is said:

"A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals enacted under general charter powers is not only required to be constitutional, but it must be reasonable as well; that is, the court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare; that the means

adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals.''

Other authorities might be cited to the same effect, but the rule is a general one and it is not necessary to multiply citations in its support. It was error to instruct the jury, in effect, that if the automobile struck the respondent, the appellant was guilty of negligence.

The appellant assigns error in the refusal of the court to give his requested instruction No. 15, which would have eliminated section 62 of the ordinance above quoted as applied to the respondent, because it is claimed that that provision of the ordinance was designed to protect other automobiles and does not apply to pedestrians. We do not so construe the ordinance. It is general in its terms and is not limited, as the requested instruction sought to limit it, to other automobiles.

For the error above pointed out, the judgment will be reversed and the cause remanded for a new trial.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.