[No. 19498. Department Two. April 15, 1926.] ·

## S. E. BUELL et al., Respondents, v. PARK AUTO TRANS-PORTATION COMPANY, Appellant.[1]

[1] APPEAL (473)—SUBSEQUENT APPEALS—FORMER APPEAL AS LAW OF CASE. A decision on a former appeal that the evidence was sufficient to sustain a recovery becomes the law of the case and is conclusive on a second appeal.

[2] NEW TRIAL (18)—VERDICT—SPECIAL INTERROGATORIES TO JURY. Special findings of the jury for damages to. an automobile in the sum of .$225, and for personal injuries sustained by plaintiff's wife in the sum of $4,735, with a general verdict for $4,960, cannot be made the basis for a new trial because of failure to award the husband $500, awarded him on a former trial on evidence not introduced in the second trial.

[3] APPEAL (475)—QUESTIONS CONCLUDED—INSTRUCTIONS—APPROPRI-ATENESS. An instruction, correcting one given on a former trial, in accordance with the decision on appeal, is conclusive on the second appeal, as to matters included in the instruction and not objected to on the first appeal; since appeals will not be considered by piecemeal.

[4] CONSTITUTIONAL LAW (39)—ENCROACHMENT ON LEGISLATURE—REASONABLENESS OF ACT. The rule as to the right to hold a city ordinance void for unreasonableness is not applicable to legislative acts.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 4, 1925, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*James B. Howe, Hugh A. Tait, Murphy & Kumm,* and *Charles L. Harris,* for appellant.

*Williams & Davis,* for respondents.·

MAIN, J.—This action was brought to recover for injuries to the persons of the plaintiffs and damages to their automobile. The cause was tried to the court and a jury and resulted in a verdict in favor of the

[1]Reported in 244 Pac. 992.

plaintiff in the sum of $4,960.  Motions for judgment notwithstanding the verdict and for new trial being overruled, judgment was entered upon the verdict, from which the defendant appeals.  There had been a former trial which had resulted favorably to the respondents, and upon appeal, 132 Wash. 92, 231 Pac. 161, the judgment was reversed and the cause remanded for a new trial.  The facts are sufficiently stated in the opinion upon the former appeal and need not be restated here.

[1]  The appellant first contends that the trial court erred in not sustaining its motion for judgment notwithstanding the verdict.  This same question was presented upon the other appeal and it was there held that the evidence was sufficient to take the case to the jury.  Under the evidence in the present case the jury had a right to find substantially the same facts as under the evidence upon the first trial.  The prior holding is decisive of this question.

[2]  The appellant for a number of reasons claims that a new trial should be granted.  The general verdict of the jury was, as stated, for $4,960.  In answer to special interrogatories the jury found the damages to the automobile to be $225, the damages for injuries to Mrs. Buell $4,735, and awarded nothing to Mr. Buell.  In this connection it is pointed out that upon the former trial the jury awarded Mr. Buell the sum of $500.  The reason may be that, upon the former trial, there was evidence of a physician that he was injured permanently.  Upon the second trial this evidence was wanting.  There is nothing in the answers to the special interrogatories which would justify the court in granting a new trial.

[3]  Complaint is especially directed against instruction number 2 which the court gave to the jury.

This instruction is in accordance with the opinion upon the former appeal and was given to correct the error which resulted in a reversal upon that hearing. It is now complained that that part of the instruction was erroneous which stated that, if the appellant's stage at the time of the accident was being driven at a rate of speed that "endangered the property of the plaintiffs, or the life and limb of the plaintiffs," this would constitute negligence. The instruction is long and this element was only one clause in it. The criticised portion of the instruction is substantially in accordance with the language of § 6339, Rem. Comp. Stat. The same language was found in the instruction for which the judgment was reversed upon the former appeal, but there was no complaint made as to this particular matter at that time. The question is raised for the first time in the present appeal. In *Perrault v. Emporium Department Store Co.,* 83 Wash. 578, 145 Pac. 438, it was said:

"This court has often said that it will not entertain appeals piecemeal. In an unbroken line of decisions we have consistently held that questions determined on appeal, or which might have been determined had they been presented, will not be considered upon a second appeal of the same action. As to such questions the first appeal conclusively settles the law of the case. [Citing authorities.]"

[4] Our attention is called to the case of *Horney v. Giering,* 132 Wash. 555, 231 Pac. 958, where it was held that an ordinance was unreasonable and void which provided that no person should drive or operate any vehicle so as to collide with or strike "against any person." It is unnecessary to pursue a discussion as to the difference between the language of the ordinance there involved and the language of § 6339, *supra.* The rule as to the right of the court to hold an ordinance

of a municipality void for unreasonableness does not apply to a statute enacted by the legislature. In 25 R. C. L. 762, it is said:

"A municipal ordinance or by-law is a regulation of a general, permanent nature enacted by the governing council of a municipal corporation. It is a subordinate law and must not conflict with either the constitutional or statutory law, and, unless expressly authorized by the legislature, must be reasonable, whereas a statute, although subordinate to the constitution, is not dependent for its validity upon its reasonableness nor limited in operation by prior statutes."

Objection is also made to the giving of instruction number 15. The giving of this instruction, while mildly criticised, was held not to be error upon the former appeal.

There are a number of other assignments of error which relate to instructions given and requests refused which it does not seem to us necessary to pursue in detail. The jury were fully instructed upon the issues and the law of the case and the instructions given upon the second trial were substantially, if not exactly, the same as those given upon the first trial, except in the one particular above mentioned. We have considered all the assignments of error with reference to the giving and the refusal to give instructions, even though we do not discuss them here in detail, and are of the opinion that there was no error either in respect to the instructions given or the refusal to give requested ones.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.