IDA JACKSON, RESPONDENT, v. ERNEST WEYL, APPELLANT.

Submitted October 29, 1927—Decided February 6, 1928.

For the appellant, *Joseph C. Paul* (*Jacob Schneider*, of counsel).

For the respondent, *Joseph B. Sladlmauer* (*Meyer Lobsenz*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   This action arises out of injuries sustained by the plaintiff on June 20th, 1925, while crossing over Bloomfield avenue at the intersection of Main avenue and Bloomfield avenue, in the city of Passaic, New Jersey. The accident happened in the evening while the plaintiff was walking along Main avenue, and crossing Bloomfield avenue, toward her home.   The automobile of the defendant, and driven by him, struck her while she was crossing, threw her to the ground and injured her.   The jury found a verdict for the plaintiff, and the defendant appealed from the consequent judgment.

The grounds of appeal relate solely to the charge of the court.   Such grounds as are supported by exceptions will now be considered.

The court charged:

"Now, the law of this state is that a pedestrian has the right of way over a vehicle at street crossings where the houses on the average are less than one hundred feet apart, as it is agreed in this case they are at that location, and,

therefore, where a pedestrian and an automobile, moving in different directions, approach such a crossing at the same time or in such a manner that if both continue their respective courses there is danger of a collision, then the pedestrian is entitled to the first use of the crossing; and it is the duty of the driver of the automobile to stop or to so reduce his speed as to avoid and give such pedestrian reasonable opportunity to pass in safety, and to that end to have such automobile under such control as to enable him to do so, and a disregard of the pedestrian's right of way, due to excessive speed, while not conclusive as to the driver's negligence, is a factor in the situation, which, considered as a whole, presents a jury question as to the negligence of the driver in case of an injury to the pedestrian by an automobile so driven."

In view of the provision of our Traffic act (*Pamph. L.* 1915, *p.* 305, § 25; *Pamph. L.* 1916, *p.* 49, § 12) providing, in effect, that in places where the houses are on the average less than one hundred feet apart pedestrians shall have the right of way over vehicles at any street crossing, in the absence of any municipal regulation relating to such crossing, that charge was correct in point of law (*Venghis* v. *Nathanson,* 101 *N. J. L.* 110), since it was admitted at the trial that at that place the houses were less than one hundred feet apart, and there was no suggestion that there was any municipal regulation relating to such crossing.

The defendant argues that elsewhere in his charge the judge erroneously instructed the jury that the accident occurred at a crosswalk instead of allowing the jury to pass upon such question. But our examination of such of the grounds of appeal as are based upon exceptions discloses that such contention is ill-founded in point of fact.

The real complaint of the defendant, as we view his argument, is that the judge failed to instruct the jury as to the law in case the jury found that the accident occurred at a place which was not a crosswalk.

To this it might well be answered that at the trial the defendant himself testified that the accident occurred while the plaintiff was "walking across this crosswalk."

But a conclusive answer is that if counsel conceived that a

pertinent legal principle had been omitted by the judge in his charge, he should have requested the desired instruction (*Lange* v. *New York, Susquehanna and Western Railroad Co.,* 89 *N. J. L.* 604), and that he did not do. Such an omission to instruct the jury upon a particular point is no ground for reversal, in the absence of a specific request for the instruction. *Geyer* v. *Public Service Railway Co.,* 98 *N. J. L.* 470.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.