Argued October 23, 1930; reversed January 20; rehearing denied
February 17, 1931

## MANNING *v.* HELBOCK ET AL.
### (295 P. 207)

*Robert W. Shepherd, Jr.,* of Portland (Marvin K. Holland, of Portland, on the brief) for appellant.

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson and Clarence J. Young, all of Portland, on the brief) for respondents.

BELT, J. This is an action by the administrator of the estate of Lewis H. Manning, deceased, to recover damages on account of death resulting from an automobile accident. The decedent was struck by an automobile driven by the defendant Helbock as he was

crossing the intersection of Fourth street and Taylor street in the city of Portland, Oregon, about seven o'clock in the evening of March 3, 1928. The streets intersect at right angles. It is alleged that the decedent was walking in a northerly direction on the west side of Fourth street and that while he was crossing Taylor street within the regular pedestrian crossing he was struck by the automobile of the defendant who was traveling west on Taylor street. The specific charges of negligence against the defendant, so far as material herein, were:

"(a) In carelessly and negligently operating and driving said Ford automobile at a high and excessive rate of speed under the circumstances then and there prevailing, considering the wet and slippery condition of the pavement and the fact that the weather was rainy and the night dark, and the further fact that said automobile was being operated within the congested business district of the city of Portland, Oregon;

"(b) In carelessly and negligently operating and driving said Ford automobile at a speed in excess of 20 miles per hour within the city limits of the city of Portland, Oregon, and at an intersection;

"(c) In carelessly and negligently failing to keep proper or any lookout for traffic, and particularly for plaintiff, as plaintiff was walking across the said Taylor street in direct continuation of the line of said sidewalk on the said Fourth street immediately prior to and at the time of said accident;

\* \* \* \* \*

"(g) In carelessly and negligently operating and driving said Ford automobile upon, against and into collision with the said Lewis H. Manning, and in carelessly and negligently failing to avoid said accident and avoid striking the said Lewis H. Manning with said automobile, and in failing to give any warning;

"(h) In negligently operating and driving said Ford automobile at such a speed and in such a manner

as to endanger the life and limb of other persons on the streets and highways and particularly the life and limb of the said Lewis H. Manning.''

Defendant admits that Manning was struck by his automobile while crossing Taylor street, sustaining injuries which resulted in his death; but denies that the automobile came in contact with him while he was within the regular pedestrian crossing. He also denies the negligence charged and the damages alleged to have been sustained on account thereof. As an affirmative defense the defendant charges the decedent with contributory negligence as follows:

"1. Said Lewis H. Manning failed to maintain any lookout for or give any heed to the approach of automobiles upon and along Taylor street and, in particular, for the automobile of defendant, Frederick G. Helbock, which was then and there proceeding in a westerly direction along said Taylor street, as aforesaid.

"2. Said Lewis H. Manning was then and there crossing a highway within a business district in Portland, Oregon, at a point other than a pedestrian crosswalk, to wit: at a point west of the regular pedestrian crosswalk or intersection, and *failed to yield the right of way to the automobile of defendant, Frederick G. Helbock,* which was then proceeding in a westerly direction along Taylor street, as aforesaid.

"3. Said Lewis H. Manning failed to exercise such increased care and diligence in giving heed to the approach of vehicles as was made necessary by the fact that he was then and there crossing Taylor street at a point west of the westerly crosswalk at the intersection of Fourth and Taylor streets.

"4. Said Lewis H. Manning attempted to proceed across Taylor street directly in the path of defendant Frederick G. Helbock's approaching automobile, which was then and there close upon him.''

Plaintiff in his reply denied the affirmative allegations of the answer.

The cause was submitted to the jury on the above issues and a verdict was returned in favor of the defendants. The action was dismissed as to all defendants other than the defendant Helbock, the owner and operator of the automobile. Plaintiff appeals assigning as error the giving of certain instructions and the refusal to give other requested instructions.

Error is assigned because of the giving of the following requested instruction:

"It is alleged in plaintiff's amended complaint that decedent was walking across Taylor street on the crosswalk. There is no claim, however, made that by reason of this circumstance, Frederick G. Helbock in the operation of his automobile violated any right of way rule at the crossing, nor is there any testimony in the case to show the relative positions of the decedent and the automobile prior to the accident so as to enable you as jurors to determine whether or not the right of way law had any application. I, therefore, instruct you that so far as this case is concerned, irrespective of whether or not decedent was on the crosswalk or off the crosswalk, no question of violation of the right of way rule is involved."

This instruction, withdrawing from the consideration of the jury the question of violation of right of way rule at street intersections, is clearly erroneous unless the law governing right of way was inapplicable under the pleadings and the proof. Section 55-601, Oregon Code 1930, provides:

"The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of

a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection, shall yield the right of way to vehicles upon the highway.''

It is admitted that the accident occurred within what the statute designates as a business district and that at such time traffic was not being regulated ''by traffic officers or traffic direction devices.''

We think the allegations of the complaint are sufficiently broad to include the issue of right of way. Defendant was not taken by surprise, as evidenced by the allegation in his answer that Manning failed to yield the right of way. Plaintiff was clearly entitled to have his theory submitted to the jury if there was any competent evidence to support it: *Anderson v. Wallowa National Bank,* 100 Or. 679 (198 P. 560). The allegation of the complaint that the defendant was negligent ''in carelessly and negligently failing to keep proper or any lookout for traffic'' is, in the absence of a motion to make more definite and certain, sufficiently comprehensive to permit plaintiff to invoke the statutory rule as to right of way between pedestrians and automobile drivers at street intersections.

We next consider the evidence. The only eye witnesses to the accident were the driver of the automobile and the person accompanying him. Manning's lips are sealed in death. Plaintiff, however, is not limited to direct evidence. Witnesses, Mrs. Blair and Mrs. DeCarl, testified that they last saw the decedent walking in a northerly direction on the west side of Fourth street at a point about one hundred feet from the place of accident. Witnesses Kulow and Jacobs

testified that immediately after the accident they found Manning lying on the pavement about one and one-half or two feet outside the regular pedestrian crossing. In the light of this evidence the jury would unquestionably be entitled to draw the reasonable inference that, at the time decedent was struck, he was within the pedestrian crossing. Particularly is this true in view of the direction from which the automobile was coming. Indeed, there is very reputable authority to the effect that a pedestrian is entitled to the benefit of such right of way rule, notwithstanding he was not exactly within the pedestrian crossing, but a few feet outside the boundary line: Berry on Automobiles (6th Ed.) section 357; Blashfield's Encyclopedia of Automobile Law, vol. 1, p. 590, citing *Horney v. Giering,* 132 Wash. 555 (231 P. 958), and *Yanase v. Seattle Taxicab and Transfer Co.,* 91 Wash. 415 (157 P. 1076).

The court should have instructed the jury, in substance, that if they believed Manning was crossing Taylor street at the regular pedestrian crossing and that at such time there was no traffic approaching within such distance as to reasonably indicate danger, he had the right to proceed and it was the duty of the driver of an approaching automobile, under such circumstances, to yield the right of way. The rule is thus stated in *Jackson v. Weyl,* 104 N. J. L. 306 (140 Atl. 422):

"* * * where a pedestrian and an automobile, moving in different directions, approach such a crossing at the same time or in such a manner that if both continue their respective courses there is danger of a collision, then the pedestrian is entitled to the first use of the crossing; and it is the duty of the driver of the automobile to stop or to so reduce his speed as to avoid and give such pedestrian reasonable opportunity to pass in safety, * * *"

Such an instruction would be a proper statement of the law assuming that the pedestrian was within the regular intersection crossing.

In view of what has been said, we think it is unnecessary to comment upon other requested instructions which the court refused to give, relative to the right of way rule. We do not consider any of the other errors assigned to be such as would warrant a reversal.

The judgment of the lower court is reversed and the cause remanded for a new trial.

BEAN, C. J., and BROWN, J., concur.