No. 19,184.

IDA RADETSKY, ET AL. *v.* ROBERT LEONARD, ET AL.
(358 P. [2d] 1014)

Decided January 30, 1961.

Mr. ROBERT E. McLEAN, Mr. CHARLES J. ONOFRIO, for plaintiffs in error.

Mr. JOSEPH P. CONSTANTINE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in the same order as in the trial court.

The claim of plaintiff, Ida Radetsky, arises out of personal injuries alleged to have been sustained by her when she was struck by an automobile while crossing a street in Denver on November 23, 1957. Her husband joins with her as plaintiff. The car, owned by defendant Leonard, was being driven by his employee Blackburn on an errand for his employer. Defendants denied negligence and pleaded contributory negligence. By reply plaintiffs pleaded last clear chance. Upon trial of the case the jury returned a verdict for the defendant and judgment entered thereon.

The accident occurred at the intersection of West Colfax Avenue, a through street, and Newton Street. About 5:00 p.m. of the day in question Blackburn approached the intersection from the south on Newton Street with the intention of turning west on Colfax Avenue. He stopped at the corner and waited several minutes because traffic on West Colfax was heavy. Ida Radetsky, a pedestrian, forty-eight years of age, started across West Colfax from north to south. She contends that she was in the unmarked crosswalk on the west side of Newton Street. Defendant's evidence is that she was three feet west of it because of debris showing that place to be the

point of impact. The driver, Blackburn, did not see her at all until he saw her coat flying over his car's hood after he had crossed the south lane of West Colfax. At the time he was going at a speed of about ten miles per hour, turned and was straightening out or had just straightened out to proceed west on Colfax.

■ We note that during the trial frequent reference was made by witnesses to three separate diagrams drawn on a blackboard. The blackboard is not in the record and it is impossible to say what some of the references in the testimony mean without having it before us. This practice has been condemned before, and again we urge that such diagrams be made in a form suitable to be identified as exhibits and included in the record. In the absence of such exhibits this court must presume that the rulings of the trial court based thereon sustain the verdict.

Plaintiffs assign three grounds of error, to-wit:

1. The court erred in refusing to direct a verdict for plaintiffs on the issue of liability.

2. The court erred in its instructions to the jury.

3. The verdict of the jury was against the weight of the evidence.

As to the first ground the trial court denied plaintiff's motion for a directed verdict ostensibly on the grounds that the jury should determine whether plaintiff was guilty of contributory negligence and as to whether both the pedestrian and driver were keeping proper lookouts. It refused, however, to instruct the jury on plaintiff's theory of last clear chance if the jury found her guilty of contributory negligence.

We first direct our attention to this point. The plaintiff saw Blackburn's car stopped at the intersection. She proceeded to cross the street and was almost in the middle of Colfax Avenue when Blackburn's vehicle struck her. She testified she was keeping a lookout and saw him make his left turn and bear down on her and she could not escape. Blackburn testified he never saw

plaintiff until her coat tail flew into his windshield. No other witness testified to seeing the actual impact. And, Blackburn's evidence was that plaintiff was approximately three feet west of the *unmarked* crosswalk based upon the physical evidence of debris.

Thus we have a situation where the only dispute was whether plaintiff was in fact outside the crosswalk area, or, at least so far out of it as to be denied the benefits of its protection. There is no dispute as to the lookout being maintained by either party — the facts are that plaintiff was, and Blackburn was not, looking after he started to make his turn.

█ It is not necessarily negligence for a pedestrian to be a short distance outside of a crosswalk if such does not lead to the resulting injury. This is such a case. In *Manning v. Helbock* (1931), 135 Ore. 262, 295 Pac. 207, 208, it was said:

" * * * Indeed, there is very reputable authority to the effect that a pedestrian is *entitled to the benefit of such right of way rule,* notwithstanding he was not exactly within the pedestrian crossing, *but a few feet outside the boundary line.* Berry on Automobiles (6th Ed.) §357; Blashfield's Encyclopedia of Automobile Law, vol. 1, page 590, citing *Horney v. Giering,* 132 Wash. 555, 231 P. 958, and *Yanase v. Seattle Taxicab & Transfer Co.,* 91 Wash. 415, 157 P. 1076." (Emphasis supplied.)

An argument similar to that of defendant in this case was considered and found wanting in *Nicholas v. Leslie* (1935) (Cal. App.), 46 P. (2d) 761, 763, where the court said:

"Much reliance is placed by appellants upon the testimony that plaintiff was struck some distance south of the crosswalk, but the evidence is conflicting upon that point. Plaintiff's testimony is not entirely clear as to her position with reference to the crosswalk, whether she was inside or just outside of it. But, if it be assumed that she was from *one to two feet outside of the crosswalk at the time she was struck,* which is the most favorable

construction of her testimony that appellants can reasonably claim, *we think the fact is unimportant. If defendant had made careful observation to see whether pedestrians were in the crosswalk, she would have seen plaintiff; if plaintiff had been walking a few feet farther north and clearly in the crosswalk, she would have been struck just the same, because defendant did not see her until it was too late to avoid striking her.* Under the facts of this case, *the rights and duties of the parties were the same whether plaintiff was walking just within or just without the boundary of the crosswalk. Where a pedestrian, though not precisely within a crosswalk, is struck by a vehicle while it is passing through one, it would be unreasonable to hold that the vehicle had the right of way or that the pedestrian had not."* (Emphasis supplied.)

The rule was even more succinctly stated in *Karr v. Sherer* (1955) (Cal. App.), 283 P. (2d) 376, 377, where the court said:

"There is no merit in defendant's contention that the evidence discloses plaintiff was hit outside of the limits of the unmarked crosswalk. Where a pedestrian, though not previously within the crosswalk, is struck by a vehicle while it is *passing through it,* if the pedestrian is *not more than one or two feet* outside of the limits of the unmarked crosswalk, the same rules are applicable as if the accident had occurred within the crosswalk." (Emphasis supplied.)

The facts in the case of *Lynch v. Clark* (1948) (Ore.), 194 P. (2d) 416, closely resemble the present case. The court there said at pages 420-421:

"Officer Bowman testified further that the defendant, Gordon Clark, stated that he had not seen the pedestrian until after he had struck him and that Clark gave no further explanation. The court received in evidence a sketch prepared by the witness Bowman, disclosing the measurements which supported his verbal testimony. *No witness saw the collision.* We know of no further

testimony which throws any light on the actual events. *The burden of proof of contributory negligence was of course upon the defendant. We think that the evidence fails to disclose any conduct on the part of the decedent indicating negligence, much less is there any evidence tending to show that the conduct of the decedent proximately contributed to his injury.* If upon this evidence alone the jury had returned a special verdict to the effect that the decedent was guilty of negligence proximately contributing to his own injury, we think it would have been the duty of the court to set such verdict aside. Reliance is apparently placed upon the conclusion expressed by the witness Clark, that he struck the decedent *at a point 9 feet 10 inches south of the north curb* line of Court street extended. That the statement of the witness *was a mere conclusion* is demonstrated by the fact *that he never saw the decedent prior to the collision.*" (Emphasis supplied.)

Again at page 425 the court stated that " * * * We think the trial court should not have instructed on contributory negligence, but since the verdict was for the plaintiff the error was immaterial."

In *Sherry v. Jones* (1956), 133 Colo. 160, 164, 292 P. (2d) 746, we held that "She (the pedestrian) had a right to assume, *even though she saw defendant's car approaching,* that defendant would stop and that she could proceed in safety. If pedestrians, obeying the law, cannot rely upon the observance of the law by motorists, then our ordinances concerning the safety of pedestrians are but a mockery."

And, in *Ridenour v. Diffee* (1956), 133 Colo. 467, 297 P. (2d) 280, we held that where the driver made a left turn into a street striking two pedestrians, who were lawfully in the marked crosswalk, walking with the green light, that the reversal would be on the question of damages alone.

Defendant relies in part on *Fabling v. Jones* (1941), 108 Colo. 144, 114 P. (2d) 1100, where plaintiff had run

around a street car after alighting therefrom and was struck by defendant's car a distance of 50 to 80 feet west of the intersection. The facts of that case make it inapplicable here.

The logic of *Manning, Nicholas, Karr* and *Lynch* is compelling and is decisive as to the error committed by instructing the jury on contributory negligence in the instant action.

In view of our conclusion as above set forth we need not consider whether the verdict was against the weight of the evidence for it clearly appears that plaintiff was entitled to a directed verdict.

■ Assuming that plaintiff was three feet outside the crosswalk, such was not a proximate cause of the accident. It was defendant's negligence in not keeping a proper lookout that was the sole proximate cause. Thus the only question left for the jury was to determine damages. *Ridenour,* supra.

The judgment is reversed and the cause remanded with directions to grant a new trial on the question of damages only.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.